SETH W. HALE, Appellant, v. THE OMAHA NATIONAL BANK.
Respondent.

As to whether an action can be maintained by one claiming a prior equit-
able lien upon personal property against a subsequent mortgagee upon
the ground that defendant has so conducted himself in the exercise of
his legal right of sale as unnecessarily to reduce the value of plaintiff's
lien, quære.

Such an action cannot be maintained where it appears that defendant did nothing but exercise his legal right to foreclose his mortgage and sell the interest of the mortgagor in the property.

Plaintiff's complaint alleged, in substance, that he had an equitable lien upon certain personal property, which property defendant wrongfully sold and converted to its own use, thereby depriving plaintiff of his lien. It appeared that the property was taken and sold by defendant under and by virtue of certain chattel mortgages thereon. It did not appear that the property was sold in parcels or was scattered or dissipated, or that it was sold to a *bona fide* purchaser without notice of plaintiff's lien, or that the property was sold in hostility to plaintiff's rights. It did appear that the property was sold for its full value, but that only the rights and interests of the mortgagors and of defendant were sold. *Held*, that the fact that the property was sold for full value was insufficient to establish that the sale was hostile to plaintiff, and was not inconsistent with his right to enforce his lien; and that a cause of action for an injury to plaintiff's lien was not established.

(Argued March 29, 1876; decided April 4, 1876.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York affirming a judgment in favor of defendant, entered upon a decision of the court at Special Term. (Reported below, 7 J. & S., 207.)

The complaint in this action contained two counts. The first alleged, in substance, that the firm of Cozzens & Co., of Omaha, Nebraska, leased of " The Credit Foncier of America " certain hotel property in said city of Omaha for the term of five years by lease dated June 22, 1867, which lease, after specifying the amount of rent and the terms of payment, contained this clause: "And a lien to be given by said lessees to said lessors to secure the payment thereof, as hereinbefore stipulated, on all the furniture, which shall be placed in said hotel by said lessees;" that the lessees took possession and furnished the hotel, and kept it until November 1, 1868, when they abandoned it; that the lessors assigned the lease and all its interest in and to the rents due and to become due to plaintiff; that on the 1st May, 1868, defendant took possession of the furniture, sold the same, and wrongfully converted the same and the money realized from the sale, which it refused to pay over on demand; that, by

such wrongful conversion, plaintiff was unable to make or enforce his lien. The second count alleged that defendant wrongfully took possession of said furniture, upon which it well knew plaintiff had a good and valid prior lien, without plaintiff's consent, and in violation of his rights, and sold the same and converted the avails, whereby plaintiff was unable to collect his claim against Cozzens & Co., they being utterly insolvent.

The court found the making of the lease and the assignment to plaintiff, the furnishing of the hotel by the lessees, and that on the 14th October, 1867, they executed to plaintiff a chattel mortgage on the furniture to secure notes to the amount of $6,000, and also executed a chattel mortgage to defendant on the 10th March, 1868, to secure $5,900; that, on the 24th September, 1868, plaintiff transferred and assigned his notes and mortgage to defendant; that, on the 28th April, 1868, defendant's mortgage being due, it demanded possession of the property, and Cozzens & Co., having refused to deliver possession, commenced an action for a recovery of possession of the same, in which action an order was duly issued to the sheriff, who by virtue thereof took and delivered the property to defendant, which it retained until November 10, 1868, when it sold the same under and by virtue of said mortgages, the property realizing its full value; that there was no evidence how the property was sold, whether in one lot or in parcels, or whether the purchasers had or had not notice of plaintiff's claim; that defendant sold only the rights and interests of Cozzens & Co. and of itself, and did not sell the interest of plaintiff, if any therein, and that defendant applied the proceeds of the sale toward the payment of its mortgages, and, as conclusion of law, that defendant lawfully took possession, sold and applied the proceeds as aforesaid, and directed a dismissal of the complaint. Judgment was entered accordingly.

*Edward T. Bartlett* for the appellant. This was not an action of trover. (*Hale* v. *Omaha Nat. Bk.*, 49 N. Y., 631.)

Plaintiff had an equitable lien on the furniture placed in the hotel, as against Cozzens & Co., and all persons asserting a claim thereto under them, either with notice of the lien, or not being *bona fide* mortgagees or purchasers in good faith. (1 Story's Eq. Jur., § 649 ; 4 Bouv. Inst., *n*, 3729 ; 1 Fonbl. Eq., *b*, 1, chap. 6, § 9, note ; *Hathaway* v. *Payne*, 34 N. Y., 103 ; *Champion* v. *Brown*, 6 J. Ch., 388 ; *Griffith* v. *Beecher*, 10 Barb., 432 ; *Moore* v. *Barrows*, 34 id., 173 ; *Smith* v. *Gage*, 41 id., 60 ; *Merithew* v. *Andrews*, 44 id., 200 ; 3 R. S. [5th ed.], 199, § 78 ; *Craig* v. *Leslie*, 3 Wheat., 578 ; *Wright* v. *Wright*, 1 Ves., 409–411 ; *Beekley* v. *Newland*, 2 P. Wms., 182 ; *Hobson* v. *Trevor*, id., 191 ; *Laughton* v. *Horton*, 1 Hare, 549 ; *Case of Ship Warre*, 8 Price, 269, *n* ; *Curtis* v. *Auber*, 1 J. & W., 506 ; *Mitchell* v. *Winslow*, 2 Story, 639 ; 2 Story Eq., § 1231 ; Cross on Liens, chap. 12, pp. 187, 188, 191, 192 ; *Prebble* v. *Boghurst*, 1 Swanst., 309 ; *Needham* v. *Smith*, 4 Rus., 318 ; *Randall* v. *Willes*, 5 Ves., 262, 274, 275 ; *Simond* v. *Hibbert*, 1 R. & M., 719 ; *Seymour* v. *C. and N. F. R. R. Co.*, 25 Barb., 284 ; *Wood* v. *Leslie*, 29 id., 145 ; *Field* v. *Mayor, etc.*, 2 Seld., 179 ; *Stover* v. *Eyclesheimer*, 3 Keyes, 620 ; *Wood* v. *Lester*, 29 Barb., 145 ; *Un. Mfg. Co.* v. *Lownsbury*, 41 N. Y., 374 ; *Hall* v. *City of Buffalo*, 1 Keyes, 199 ; Story's Eq., §§ 1040, 1040 *b*, 1055 ; *In re Howe*, 1 Paige, 129 ; *White* v. *Carpenter*, 2 id., 266 ; *Finch* v. *Earl of Winchelsea*, 1 P. Wms., 282 ; *Burn* v. *Burn*, 3 Ves., Jr., 576 ; *Delaire* v. *Keenan*, 3 Dess. [S. C.], 74 ; *Foster* v. *Foust*, 2 S. & R. [Penn.], 11 ; 2 L. Cas. in Eq. [W. & T., 4th Eng. ed., 1872], 772 ; *Wellesbey* v. *Wellesbey*, 4 M. & C., 561 ; *Metcalf* v. *Archbishop of York*, 1 id., 547 ; *Lyde* v. *Myner*, 4 Sim., 504 ; *Tooke* v. *Hastings*, 2 Vern., 9 ; *Winslow* v. *Mer. Ins. Co.*, 4 Metc., 306.) Defendant was not a *bona fide* mortgagee under either of the chattel mortgages on the furniture in the hotel. (*Weaver* v. *Barden*, 49 N. Y., 293 ; *Dicker* v. *Tillinghast*, 4 Paige, 215 ; *Coddington* v. *Bay*, 20 J. R., 637 ; *Van Heusen* v. *Radcliff*, 17 N. Y., 583 ; *Stalker* v. *McDonald*, 6 Hill, 93 ; *Youngs* v. *Lee*, 12 N. Y., 551 ; *Farrington* v. *Frank. Bk.*, 24 Barb., 554 ; *Boyd* v. *Cum-*

*mings,* 17 N. Y., 101; *Essex Co. Bk.* v. *Russell,* 29 id., 673; *Brown* v. *Leavitt,* 31 id., 113; *Cary* v. *White,* 52 id., 138; *Bk. of N. Y.* v. *Vandervoorst,* 32 id., 553; *Lawrence,* 36 id., 128; *Rosa* v. *Botherson,* 10 Wend., 85; *Payn* v. *Cutler,* 13 id., 605; *Chrysler* v. *Renois,* 43 N. Y., 209; *U. S.* v. *Hodge,* 6 How. [U. S.], 279; *Bangs* v. *Strong,* 10 Paige, 11, 16; *Niemcewiez* v. *Gahn,* 3 Paige, 614; affirmed, 11 Wend., 312; 1 Parsons on Notes and Bills, 224; *Wood* v. *Robinson,* 22 N. Y., 564; *Bell* v. *Banks,* 3 M. & G., 258; *Elwood* v. *Diefendorf,* 5 Barb., 398; *Platt v. Coman,* 37 N. Y., 440; *M. and F. Bk. of Albany* v. *Nixon,* 42 id., 438; *Jennison* v. *Stafford,* 1 Cush., 168; *Howell* v. *Jones,* 1 C., M. & R., 97; *Fellows* v. *Prentiss,* 3 Den., 512; *Ayrault* v. *McQueen,* 32 Barb., 305; *Cardwell* v. *Hicks,* 37 id., 458; *Traders' Bk. of Rochester* v. *Bradner,* 43 id., 379; *Mickles* v. *Colvin,* 4 id., 304; *Park Bk.* v. *Watson,* 42 N. Y., 490; *Brown* v. *Leavitt,* 31 id., 113; *Chrysler* v. *Renois,* 43 id., 209; *Boyd* v. *Cummings,* 17 id., 101.) Cozzens & Company were trustees for plaintiff of the furniture placed in the hotel, and all those taking it took it subject to the equitable lien of plaintiff, and will be construed in equity to be trustees, and liable as such to the same extent as the trustees from whom they took it. (Perry on Trusts [2d ed.], §§ 67, 82, 122, 217, 232, 241, 828, 843; *Mackreth* v. *Symmons,* 15 Ves., 329; 1 L. Cas. in Eq., 336; *Lemon* v. *Whitey,* 4 Rus., 423; *Chapman* v. *Tanner,* 1 Vern., 267; *Blackburn* v. *Greyson,* 1 Bro. Ch., 428; *Burgess* v. *Wheat,* 1 Edm., 211; Story's Eq., § 1217; Sugd. on Vendors [8th Am. ed.], note *k,* m. p. 680; *Currie* v. *White,* 45 N. Y., 822; *Pye* v. *George,* 1 P. Wms., 128; *Mansell* v. *Mansell,* 2 id., 678; *Kennedy* v. *Daly,* 1 S. & L., 355; *Crofton* v. *Ormsby,* 2 id., 583; *Murray* v. *Ballou,* 1 J. Ch., 566; *Van Allen* v. *Am. Nat. Bk.,* 52 N. Y., 1; *Haggerty* v. *Palmer,* 6 J. Ch., 437; *Denton* v. *Davies,* 18 Ves., 504; *Oliver* v. *Platt,* 3 How. [U. S.], 333; *Freeman* v. *Cook,* 6 Ire. [N. C.], 379; *Roberts* v. *Mansfield,* 38 Ga., 458; *Norman* v. *Cunningham,* 5 Grat. [Va.], 72; *Flagg* v. *Mann,* 3 Sumn., 84; *Hawkins* v. *Hawkins,* 1 D. & S., 75; Hill on

Trustees, 522; *Kitchen* v. *Bedford*, 11 Wal., 413.) The holder of an equitable lien has his remedy against all parties who interfere with or defeat the same, having notice thereof or standing in the position of mere volunteers under the party creating the lien. (*Gonlet* v. *Asseler*, 22 N. Y., 225; *Hall* v. *Carnley*, 17 id., 202, 204; *Manning* v. *Monahan*, 28 id., 585; *Hathway* v. *Brayman*, 42 id., 322.)

*Wheeler H. Peckham* for the respondent. The sale by defendant did not interfere with plaintiff's rights. (*Hull* v. *Carnly*, 17 N. Y., 202; *Goulet* v. *Asseler*, 22 id., 225; *Manning* v. *Monahan*, 28 id., 585; *Hathaway* v. *Brayman*, 42 id., 322; *Trust* v. *Pierson*, 1 Hilt., 292.) Defendant was a *bona fide* holder for value, and held in priority to the plaintiff's claim under the lease. (*Bk. of Sandusky* v. *Scoville*, 24 Wend., 114; *Traders' Bk. of R.* v. *Bradner*, 43 Barb., 379; 42 N. Y., 438; *Taylor* v. *Baldwin*, 10 Barb., 627; *Currie* v. *Mesa*, 10 L. R. Exch., 153–162.) The assignment by plaintiff to defendant of plaintiff's mortgage gave defendant a prior right under the lease. (1 Story Eq., § 642.) The doctrine of trusts has no application. (58 N. Y., 463.)

CHURCH, Ch. J. This case has been before this court upon a demurrer to the complaint. A majority of the court overruled the demurrer, holding that the count which set up an equitable lien upon the property belonging to the plaintiff, and charged that defendant had wrongfully sold and converted the property to its own use, and deprived the plaintiff of his lien, was good. (49 N. Y., 626.) There was no allegation of right or title in the defendant. The case now comes up upon appeal from the judgment after trial upon exceptions to the findings of the judge before whom it was tried. It now appears, and is found, that the defendant sold the property by virtue of two chattel mortgages, one executed by Cozzens & Company to the plaintiff, and assigned to the defendant, and the other by Cozzens & Company to the defendant. It is not claimed that the plaintiff can maintain this action as an action of trover or trespass, but it is

affirmed that it is maintainable upon the ground that the defendant has so conducted himself, in the exercise of a legal right, as unnecessarily to reduce the value of the plaintiff's lien, and injure or destroy his reversionary interest. It has been intimated by able judges that such an action might be maintained against subsequent mortgagees and creditors by a prior incumbrancer, but we have been referred to no case where precisely such an action has been sustained. (22 N. Y., 225; 28 id., 585; 42 id., 322; 1 Kern., 501; 17 N. Y., 202.) Conceding that the defendant's mortgages are to be regarded as subordinate to the equitable lien claimed by the plaintiff, nearly all the elements necessary to sustain an action for injury to the reversionary interest, as it is called, are wanting in this case. It does not appear that the property was sold in parcels, or was scattered or dissipated. The judge finds that there was no evidence on the subject, of how it was sold, in this respect. It is not found that it was sold to *bona fide* purchasers without notice of the plaintiff's lien. It is not found that the property was sold in hostility to the plaintiff's rights. On the contrary, it is expressly found that only the rights and interest of the mortgagors and of the defendant were sold. For aught that appears, the property remained together after the sale as accessible to any claim which the plaintiff could enforce as it was before the seizure and sale by the defendant. The only fact found tending to establish a hostile proceeding is, that the property sold at its full value, but this fact is not sufficient, nor is it inconsistent with the right of the plaintiff to enforce his lien, although it may indicate that the purchaser intended to contest it. Assuming the most favorable state of facts for the plaintiff, and regarding the defendant as a subsequent incumbrancer, the defendant did nothing but exercise its legal right to foreclose its mortgages, and sell the interest of the mortgagors in the property, and there is no principle of law or equity which renders it liable for such an act. (Cases before cited.) In doing this it did not act as trustee for the plaintiff, but acted for itself.

These views render it unnecessary to examine the question whether the defendant is to be regarded as a *bona fide* mortgagor or not. Nor is it necessary to determine whether such an action can be maintained, nor, if it may, what facts will suffice for that purpose. Those questions will arise when a case is presented, showing that the prior lien has been impaired or destroyed.

The judgment must be affirmed

All concur.

Judgment affirmed.