Leonard H. Neudecker, Respondent, *v.* Jacob Kohlberg et al., Appellants.

Notwithstanding the liberal rule of construction applied to pleadings under the Code, the principle still remains that the judgment to be rendered by any court must be " *secundum allegata et probata.*"

Where a complaint states a cause of action *ex delicto* it is not competent at the trial to convert it into one *ex contractu*.

Plaintiff's complaint: alleged in substance, that a copartnership existed between himself and defendant K., which was doing a prosperous business, that defendants entered into a conspiracy to break up this business, in pursuance of which the other, defendants commenced an action against K., in which he offered judgment; the offer was accepted and judgment entered, which was enforced by a levy on K.'s interest in the partnership property. Whereas at the time of the entry of the judgment K. was not indebted to his co-defendant in any sum whatever, but "the supposed debt was acknowledged * * * in pursuance of said conspiracy." Defendants answered, putting in issue the allegations as to the conspiracy and alleging that the judgment was for an actual indebtedness. On the trial it appeared that an indebtedness for the full amount of the judgment existed, but, as the evidence tended to show, the debt was not due at the time judgment was rendered. Defendants moved for a dismissal of the complaint on the ground that the allegations thereof had not been proved. No request to amend the complaint was made. *Held*, that a denial of the motion was error.

Also *held*, that aside from the question of pleading and conceding that the debt was not due when judgment was rendered, it did not establish the cause of action; that it was in the power of the debtor and his right to waive the running of the credit and permit the debt to be treated as due and payable; and that with whatever motive it was done this did not aid the plaintiff or give to him a right of action.

Evidence was given on the trial tending to show that prior to the formation of the partnership between plaintiff and K., and as an inducement to the former to enter into it, the other defendants agreed to and did loan a sum of money to K. for two years, which he put into the firm as his share of the capital. The judgment obtained against K. was for the money so loaned. It appeared that the business had resulted in a loss and that in an action brought by plaintiff a receiver had been appointed. *Held*, that if the action had been brought upon the agreement plaintiff would in no view have been entitled to more than nominal damages.

Defendants proved that prior to the levy under the execution the property of the firm had been seized under an attachment, and the attachment was given in evidence. Plaintiff was allowed, under objection and exception, to give in evidence the answer in the attachment suit. *Held*, error.

(Argued April 28, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the county of New York, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages alleged to have been sustained by plaintiff by reason of a conspiracy on the part of defendants.

The substance of the pleadings and the material facts appear in the opinion.

*S. P. Nash* for appellants. Plaintiff had no substantial cause of action. (*Hale* v. *Omaha Nat. Bank,* 64 N. Y. 550.) The alleged agreement by Rosenbaum to lend Kohlberg's capital to him for two years, which was denied, not being in writing, was not, if made, binding in law on Rosenbaum. (*Lowes* v. *Winters,* 7 Cow. 263; *Lockwood* v. *Barnes,* 3 Hill, 128; *Ambruger* v. *Marvin,* 4 E. D. Smith, 393; *Dung* v. *Parker,* 52 N. Y. 494; *Broadwell* v. *Getman,* 2 Denio, 87.) There was no cause of action for a conspiracy, even assuming that there was, as between Kohlberg, the borrower, and Rosenbaum, the lender, an original credit of two years. (*Phelps* v. *Nowlan,* 72 N. Y. 39; *Morris* v. *Tuthill,* id. 575.) It was error for the court to allow plaintiff to put in evidence the answer in the attachment suit as tending to show that it might have been set aside. (*O'Hagan* v. *Dillon,* 76 N. Y. 170; *Anderson* v. *Rome, etc., R. R. Co.,* 54 id. 334, 341.)

*Aaron Pennington Whitehead* for respondent. The order denying the motion for a new trial for surprise, and newly-discovered evidence made on the case and on affidavits should be affirmed. (*People* v. *Mack,* 10 How. 261; *Peck* v. *Hile,* 30 Barb. 655; *Dilger* v. *Michael,* 5 Abb. 203; *Aines* v. *Howard,* 1 Sum. 482; *Can* v. *Gall,* 1 Circuit Ct. 384, opinion LARREMORE, J., fol. 343; *Sproul* v. *The R. F. Ins. Co.,* 1 Lans. 71; *Bond* v. *Cutler,* 7 Mass. 205; *Jackson* v. *Malin,* 15 Johns. 293; Hilliard on New Trial, 497 [2d ed.]; *Lawrence* v. *Ely,* 38 N. Y. 42; *People* v. *Superior Ct.,* 10 Wend. 285; *Fleming* v. *Hallenbeck,* 7 Barb. 271; *People* v. *Stemler,* 9 Sup. Ct. [2 Hun] 269; *Levy* v. *Roberts,* 1 Hilton, 285, 290.) The motion of the defendants to dismiss on the ground that the equity suit of the plaintiff to dissolve prevented any recovery here is not

well taken. (*Hamilton* v. *McPherson*, 28 N. Y. 72.) The execution *ipso facto* dissolved the firm, (Collins on Partnership, § 112; Gow on Partnership, § 229; *Phillips* v. *Crook*, 24 Wend. 389; *Smith* v. *Orser*, 42 N. Y. 136.)

DANFORTH, J. Upon various grounds I think this appeal must stand. The plaintiff was required to state in his complaint the facts constituting his cause of action; in other words, the facts upon which his right depended, and the facts which constituted the defendants' wrongful act. He assumed to do so. If no answer had been put in, he would have been entitled to judgment. And why? He alleged the existence of a co-partnership between himself and the defendant Kohlberg, under the firm name of L. H. Neudecker & Co., by virtue of written articles entered into April 1, 1867; the transaction of a prosperous business thereunder until September 22, 1868, and that these facts were known to Kohlberg's co-defendants. He thus exhibited a right to the continuance of that business without molestation or hindrance from the defendants, and a duty on their part not to interrupt it. For every person is under a legal obligation to abstain from injuring the property of another, or infringing any of his rights. He next alleges a breach of that duty, or wrongful acts on the part of the defendants, viz., that they entered into a conspiracy to break up this business, and to abstract and take therefrom the capital of Kohlberg, and to injure and destroy the business credit and reputation of the plaintiff; that the defendants, Rosenbaums and Brandenstein, in pursuance of this conspiracy, and to carry it into execution, commenced an action in the Supreme Court against Kohlberg, and Kohlberg offered judgment therein which was accepted, and judgment entered for $27,592.52. It was enforced by execution. Now, it is obvious that all this might be true and no cause of action have accrued; for it is consistent with the existence of a just debt due from Kohlberg to his co-defendants, and whatever their motive may have been in prosecuting it, or his in expediting judgment against himself, it would furnish no legal cause of complaint, no matter how great

the injury might be to other parties from its enforcement by no other than legal methods. For while bound to respect the rights of other persons, they were at liberty to enforce their own, although by so doing those others might be damaged. (*Hale* v. *Omaha National Bank*, 64 N. Y. 550; *Phelps* v. *Nowlen*, 72 id. 39.) This the pleader understood, and therefore says: "The plaintiff further shows that at the time of the said entry of said judgment, the said Kohlberg was not indebted to the said co-defendants in the sum of $27,000, or any other sum, but that the said supposed debt was acknowledged by the said Kohlberg, and the said proceedings taken in pursuance of the said conspiracy aforesaid." Thus was stated the gist or essential element of a cause of action, and without which there would have been no breach of duty, no liability on the part of the defendants. The pleading, therefore, conformed to the Code, and presented to the consideration of the defendants matters for them to answer, or by silence admit. They answered, putting in issue these allegations, and, among other things, also stating that the judgment was upon a sufficient consideration, an actual indebtedness; therefore, the issues to be tried were clearly defined. Upon the trial the plaintiff failed to prove that the judgment was without consideration, or that there was no debt from Kohlberg to his co-defendants. He proved the contrary, that there was a debt for the full sum claimed by them, but sought to avoid the effect of this proof by evidence tending to show that the debt had not matured. It seems to me that such evidence had no bearing upon the issue; was not proof thereof. Suppose Kohlberg had, upon an occasion calling for an oath, affirmed that he owed no debt to his co-defendants, would the fact that it was not then due have afforded an answer to the charge of perjury? That it would not is too plain for argument. It is equally clear that it left the plaintiff's cause of action unproven. To show that a debt is not due presently is simply showing that the time has not arrived for its payment; it has no tendency to show that the debt does not in fact exist. (*Leggett* v. *Bank of Sing Sing*, 24 N. Y. 283.) It was a debt when contracted, and the lia-

bility of the debtor was then fixed. It was evidently against this state or condition of things that the pleader made the allegation that Kohlberg was not indebted to his co-defendants. In substance, he meant to say the judgment represents a fictitious debt, and this appears not only from the language used, but from the context. The language, as we have seen, is explicit, that "Kohlberg was not indebted in any sum." The context permits no other inference; it is that the "supposed", debt is a "fictitious" or an "imaginary" debt; that it was "acknowledged," that is, its existence was "acknowledged," and so brought into being out of nothing, and this was done in pursuance of the conspiracy. If the pleader had intended to say that the parties anticipated the maturity of a real debt, or that the debtor waived the credit to which he was entitled, different words would necessarily have been used. Notwithstanding the liberal rule of construction applied to pleadings under the Code, I am aware of no case or principle upon which a plaintiff may recover, not only upon facts not stated, but upon evidence which disproves those which are stated. The principle still remains that the judgment to be rendered by any court must be "*secundum allegata et probata.*" (*Wright* v. *Delafield*, 25 N. Y. 226 ; *Tooker* v. *Arnoux*, 76 id. 397.)

When the plaintiff rested, the objection was fairly made by the defendants' counsel, on motion to dismiss the complaint, that the plaintiff's case as stated in the complaint had not been proved at all. No request was made to amend the complaint, and the learned trial judge should, we think, have dismissed it.

*Second.* But the claim now made for the plaintiff is that the debt, "although contracted, was not due." Conceding this to be so, it was in the power of the debtor, and his right to waive the running of the credit, and permit the debt to be deemed and treated as due and payable at once (*Parker* v. *City of Syracuse*, 31 N. Y. 376), and with whatever motive this was done, it would not aid the plaintiff, or tend to establish in him a right of action. The debtor could renounce a benefit to which he only was entitled, and the creditor would be justified in this case as in the other, in resorting to such means as he thought

proper for the recovery of his debt. As an action of tort, I think there was an entire failure of proof.

*Third.* The character of the action was determined by the complaint. ( *Welsh* v. *Darragh*, 56 N. Y. 590.) Its allegations state a cause of action *ex delicto*, and it was not competent at the trial to convert it into one *ex contractu*. (*Degraw* v. *Elmore*, 50 N. Y. 1 ; *Ross* v. *Mather*, 51 id. 108 ; *Walter* v. *Bennett*, 16 id. 250.) Yet this was in effect done ; but viewed even in that light, the judgment cannot be sustained.

*Fourth.* Under the charge of the trial judge, the jury may have found that credit for two years was agreed to be given to Kohlberg by his co-defendants, for the sum loaned him, and that this was part of the partnership agreement, including, therefore, the plaintiff as party to that arrangement. It is true that no such contract is alleged in the complaint, and it was not within the issue, but the evidence given by the plaintiff, though very slight, still tends to show that before the partnership was formed, and while that matter was under consideration, the plaintiff was assured by the defendant Rosebaum, that if he, the plaintiff, would take Kohlberg into partnership, he, Rose-baum, would lend Kohlberg, " $25,000 for the term of two years," that this was assented to, and articles of partnership executed between the plaintiff and Kohlberg, specifying two years as the term of its duration, and the capital was then contributed, viz. : $5,000 by the plaintiff, and this sum of $25,000 by Kohlberg that the articles were read by Rosebaum, and thereupon the new firm commenced business. The money was in substance advanced by the defendants Rosebaum & Co., and is the same for the recovery of which, before the expiration of the two years, and on the 21st of September, 1868, they commenced the action against Kohlberg, and he consenting, took judgment therefor on the 22d of September, 1868, and for its enforcement issued an execution, which was levied upon the interest of Kohlberg in the partnership effects. Leaving out of view now the question of conspiracy, and pleading, it may be conceded that here was a breach by the defendant Rose-baum of the agreement made by him, and on the faith of

which the plaintiff had acted ; and that for any injury resulting to the plaintiff therefrom, he would be entitled in some form of action to recover damages. But what injury is he shown to have suffered? Upon his evidence the business of the firm was prosperous, his profits $2,800, his capital $5,000, unimpaired. On the contrary the referee who took the account of the receiver, as of September 22, 1868, the receiver himself, having been formerly the clerk of the plaintiff, and receiving his appointment in the plaintiff's suit, finds that up to that day " all the profits, and probably some portion of the capital, have been absorbed in the payment of losses sustained by the firm," and further, as a distinct finding, upon that question being brought directly to his attention, says " that no profits have been made." In submitting the case to the jury the trial judge said: " The claim is for the loss of the amount contributed, and an allegation that there were profits to the amount of $2,800; and this is what appears to me to be an imaginary claim for profits, which are necessarily in their nature uncertain, which may or may not take place, being uncertain and depending on a variety of contingencies. * * * If you deem the plaintiff's case is proved, you will give such damages as you deem justifiable." The verdict was for $5,000.

The plaintiff's counsel contends that this was given to indemnify the plaintiff for loss of capital. I am unable to discover evidence on which to warrant a finding that this loss was due to the judgment and execution. The plaintiff gave the estimated profits, and probable result of the business. He spoke by the books. But loss had been sustained, liabilities incurred, and the referee, whose account is stated as of the day business was closed, finds quite the contrary. In addition to this there was an attachment levied on all the goods in the firm's hands, on the 18th of September. The sheriff had possession, and there is nothing to show that the defendants' proceedings were, rather than these events, the cause of loss to the plaintiff. How they were injurious is left to speculation. In addition to these things, the plaintiff himself, on the 24th of September, 1868, commenced proceedings for the

dissolution of the firm, and the appointment of a receiver, alleging, among other causes therefor, the attachment above referred to. But it does not appear that the verdict was not in part made up of supposed loss of profits. The judge refused to charge the jury that there were none, or that the finding of the referee was conclusive upon that subject. Whether there were profits or not was at most wholly conjectural.

Upon another trial, if upon proper pleadings one shall be had, other evidence may be produced upon the point here considered, and a further discussion of that now before us cannot be necessary, for there is none from which it could be justly inferred, either that the business was in fact wound up in a manner prejudicial to the plaintiff, or that the result would have made a better showing had the winding up occurred six months later, when, by its terms, the copartnership would have expired, or that the premature stoppage of business, even if caused by the judgment and execution, rather than the precedent attachment, prevented the plaintiff from receiving the profits already earned, if there were any, or his capital. There was no question made as to future profits, nor was that matter presented to the jury, as in *Bagley* v. *Smith* (10 N. Y. 489.) Whether any profits had in fact accrued could be shown only upon an accounting. That had, as before stated, been taken, and its result gave no support to such a claim. As the case stood, even if the action had been brought upon the agreement the plaintiff would in no view of it be entitled to more than nominal damages, but as before stated upon the complaint as in fact framed, and upon the proof, he was not entitled to recover at all.

*Fifth.* The court also erred in admitting, against the objection of the defendants, the answer in the attachment suit. The attachment was in evidence, and was a circumstance to be considered as bearing upon the condition of the plaintiff's business at the time the execution upon the defendants' judgment against Kohlberg was issued. The answer of the defendants in the attachment suit could have no bearing upon any issue before the court. It denied the allegation in the complaint in the

suit in which it issued, and set up matter which, if true, might well induce the jury to believe that the proceeding was without foundation, and to the plaintiff's injury. By admitting the evidence, the jury were authorized to regard it as relevant and competent to repel the force of facts proven by the defendants. It had no such just tendency, but was only calculated to mislead and prejudice the jury. Its admission was, therefore, an error, which cannot now be disregarded. (*O'Hagan* v. *Dillon*, 76 N. Y. 170; *Anderson* v. *R. W. & O. R. R. Co.*, 54 id. 334; *Baird* v. *Gillett*, 47 id. 186; *Green* v. *Disbrow*, 56 id. 334; *Lucas* v. *Brooks*, 18 Wall. 436.)

The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.