## Supreme Court—General Term—First Department.

*November,* 1882.

## PEOPLE v. WIGGINS.

(Affirmed, 1 *N. Y. Crim. Rep.* 296.)

LARCENY—WHAT EVIDENCE NECESSARY TO SUSTAIN INDICTMENT FOR.—JUDGE'S CHARGE.

Upon the trial of an indictment for larceny it is not necessary that the person whose property was in the indictment charged to have been taken, should be produced and sworn for the purpose of showing either the intent of the accused to steal the property, or that it was taken

without the owner's consent. Each of these facts may be established by the circumstances attendant upon the commission of the act.

The evidence in this case considered by the court and held sufficient to establish such facts.

The prosecution, upon the trial of such an indictment, is bound to show the identity of the person from whom the property was taken with the one named in the indictment, only by evidence from which the fact can be inferred beyond a reasonable doubt,—e. g., by proof that the person from whom the property was taken, immediately after the occurrence, gave as her name the name set forth in the indictment, and thereafter so swore to it before the committing magistrate, together with the testimony of her son-in-law who identified the pocket-book taken, and produced upon the trial, and stated that he had given it to her and had seen it in her possession on the day on which it was taken. The identity of the name itself is decisive of the identity of the person.

A charge of the court which brings to the attention of the jury evidence relevant to a material fact in the case and stating that if such evidence be true it tends to prove such fact, etc., and in no way controlling or directing the jury as to the force and effect of such evidence, is not error.

Appeal by defendant from a judgment of the General Sessions of New York, convicting her of petit larceny from the person. The case was tried before Hon. Henry A. GILDERSLEEVE, and a jury, March 27, 1882, and resulted in the conviction of the accused; whereupon she was sentenced to imprisonment in the Penitentiary in the city of New York, for the term of five years.

Upon the trial, the prosecution established the following facts, without contradiction, namely : That on September 30, 1881, the prisoner was seen by several of the employees thereof, in the china department of R. H. Macy & Co.'s store, in this city, to take a pocket-book from a reticule in the hand of and, as the witnesses testified, belonging to an elderly lady then shopping in said store, who at the time stated and thereafter swore that her name was Catharine Curtis; and upon being thus detected by said employees, after she had opened the satchel, put her hand in it and taken out the pocketbook—one of them, Mr. Ridgeway, as her hand passed out of the reticule, grasped and arrested the same, with the pocket-book in it; that, thereupon,

there was a struggle or scuffle between the prisoner and said Ridgeway, in the midst of which the prisoner finally threw the pocket-book she had stolen, from her hand into a jar, used as an umbrella stand, whereupon the prisoner was taken up-stairs and committed to the custody of an officer. The pocket-book in question was produced on the trial, and clearly identified by several of the witnesses.

The prosecution then proved, by Mr. Sophia, of Brooklyn, that the pocket-book so produced and identified, was the identical pocket-book which his wife had bought, paid for, and presented, in his presence, to her mother and his mother-in-law, Catharine Curtis, a lady 68 years of age, residing at Schenectady, and that he, living in Brooklyn, had seen the same pocket-book, in the hands of Mrs. Curtis, on the day when it had been abstracted by the prisoner, from an elderly lady's reticule, calling herself Catharine Curtis, at Macy & Co.'s store, also that Mrs. Curtis's age constituted the reason of her not attending the trial. The defendant offered no proof.

Various exceptions to the admission of evidence, to the refusal of the court to charge as requested, and to the charge as made, were taken by defendant, which are considered in the opinion.

*Howe & Hummel*, for the prisoner, appellant.

*John McKeon*, district attorney, and *A. J. Requier* (assistant), for the people, respondent.

DANIELS, J.—By the indictment the defendant was charged with having feloniously stolen from the person of Catharine Curtis, treasury notes, bank notes, and coin amounting to the sum of about $21.50. And for the purpose of proving the truth of the charge, it was shown that she had taken from a reticule in a lady's hand in Macy's store a pocket-book containing $10 in bills and $1.10 in silver. This was taken apparently without the knowledge of the person having the reticule, and upon her detection, which immediately succeeded the taking, the conduct of the defendant was such as must have led the jury to the conclusion that she intended to steal the pocket-book and its con-

tents. The person charged by the indictment to have been the owner of the property was not produced as a witness upon the trial, and substantially because of the absence of her testimony that the pocket-book had not been taken against her will, it was objected that the evidence was so deficient as not to justify a conviction of the defendant. But it was not necessary for this purpose that the person should be produced as a witness upon the trial, for the facts that the property was taken without her consent and that the defendant intended to steal it, could be established by the circumstances appearing to have attended the taking, if they were sufficient, as they appear to have been, to convince the jury, beyond a reasonable doubt, that they were as they had been alleged in the indictment. The law does not require for either of these purposes that the person whose property may have been stolen shall be produced as a witness. 2 *Bishop Crim. Pro.* 3 ed. § 722.

Even where it has been required to be stated as an attribute of the offense that the act was committed without the consent of the owner of the property, it has still been held that this want of consent could be inferred from the circumstances attending and following the commission of the act. Rex *v.* Hazy, 2 *Car. & P.* 458. In this case the indictment was for lopping and topping an ash tree without the consent of the owner, and the rule already stated was held to be properly, relied upon to justify a conviction, although the owner himself was not produced as a witness in the case.

Rex *v.* Allen, 1 *Moody C. C.* 154, is precisely the same in its effect. There the charge was that the prisoner had killed a deer without the consent of the owner, and upon a case reserved, it was held by the twelve judges that a conviction was rightly had without calling the owner to prove the want of consent.

It was further objected that it was not shown that the person from whom the pocket-book was taken, was the Catharine Curtis named in the indictment, but it appeared that she gave that as her name in the store after the defendant had been detected in taking the pocket-book and also swore to it before the committing magistrate, and her son in law who identified the pocket-book to be the same as the one which had been taken and produced upon the trial, testified that he gave it to her and saw

it in her possession on the day on which it was taken. It may have been true that she gave this pocket-book to some other person and that it was taken from the possession of that person by the defendant, as her counsel has argued the case to be ; but a mere possibility of this nature is not sufficient to justify the conclusion that the question of the identity of this individual with the person named in the indictment was not a proper one for the consideration and decision of the jury. The prosecution were not bound to prove beyond the possibility of doubt that she was the person mentioned in the indictment, but evidence from which that could be inferred to be the fact beyond a reasonable doubt was all that the law required. The identity of the name itself was quite decisive as to the identity of the person. People v. Smith, 45 *N. Y.* 772, 779.

And that, together with the other evidence in the case, left no reasonable ground from which it could have been supposed that the Catharine Curtis named in the indictment was any other or different person than the person from whose possession the property had been taken in the store.

It was also objected that the pocket-book produced was not shown to be the pocket-book taken from the person named in the indictment. The evidence to that fact was that when the defendant was detected in taking the pocket-book and immediately arrested for that act, she threw it into an umbrella stand from which it was taken by a person in attendance upon the store, and it was identified in its passage after that from hand to hand down to the time when it was produced upon the trial. The evidence which was given, accordingly left no reasonable ground from which it could be claimed that the pocket-book present at the trial or its contents were any other than that taken by the defendant from the reticule in the lady's hand, but it was so direct and complete in its character and so connected as to be clear proof of that fact. Upon all points the evidence was sufficient as it was held to be, to submit the case to the decision of the jury.

In its submission the judge presiding at the trial stated to the jury that the point is raised that Catherine Curtis, mother-in-law of Mr. Sophia, may not have been the Catharine Curtis from whom the pocket-book was taken. If there is no mistake

about the statement of Mr. Sophia who says he saw this same pocket-book in his mother-in-law's hands on that day—that is a circumstance tending to show that Mrs. Catharine Curtis is the mother-in-law of the witness, and the Catharine Curtis charged in the indictment is the owner of the pocket-book. And to that an exception was taken by the defendant's counsel and that exception is supposed to be sustained by what was said in McKenna *v.* People, 81 *N. Y.* 300. But that clearly is not the effect of this decision, for all that the judge stated was that the fact that the son-in-law saw the same pocket-book in his mother-in-law's hand on the day on which it was taken, was a circumstance tending to show that his mother-in-law was the person charged in the indictment to be the owner of the pocket-book. The jury were in no manner controlled or directed concerning the force and effect of this circumstance as proof of the fact, but that was left wholly to their consideration, and in that respect the charge differed materially from the statement held to have been improper in the case just cited. For there it was held that the jury were controlled in their inferences to be made from the evidence by the statement made to them by the court. They were subjected to no such control in this case, but the circumstance mentioned was simply brought to their attention as one tending to prove the identity of the person from whom the pocket-book was taken with the person named in the indictment and it did have a tendency to establish that fact.

These are the only points upon which the conviction of the defendant has been assailed. The evidence was abundant to carry them all to the jury including the one last considered arising upon the charge, and as to that the proper province of the the judge was not exceeded. The judgment from which the appeal has been taken should be consequently affirmed.

BRADY, J., concurred.