(15 App. Div. 163.)

## CAVEN v. CITY OF TROY.

(Supreme Court, Appellate Division, Third Department. March 3, 1897.)

1. PLEADING—VARIANCE—PLACE OF INJURY.
     A complaint against a city for permitting an excavation to remain in a street without guards or a light will not sustain a recovery for neglecting to erect a guard between the line of the street and an excavation on an adjoining lot.

2. NEGLIGENCE—PROXIMATE CAUSE—DEATH BY WRONGFUL ACT.
     Liability exists for negligence resulting in death, though the injuries would not have caused death if they had not been improperly treated by the physicians employed.

Appeal from circuit court, Rensselaer county.

Action by Margaret Caven, as administratrix of the goods and chattels of Maria Forgie, deceased, against the city of Troy. From judgment for defendant on verdict, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Lansing & Holmes (James Lansing, of counsel), for appellant.
William J. Roche, for respondent.

PUTNAM, J. The questions to be determined in this case arise out of certain exceptions taken by the plaintiff to the charge of the trial judge. In our opinion, the court below did not err in instructing the jury that if Mrs. Forgie fell in the "Shields" lot, and not in Fifteenth street, the plaintiff could not recover under the complaint.

The negligence charged against the defendant in the pleading was in permitting an excavation to remain in Fifteenth street without guards or a light, into which the deceased fell, and sustained the injury which caused her death.    Negligence in not erecting a guard or barrier between the line of the street and the excavation in the Shields lot, into which Mrs. Forgie perhaps fell, was not alleged or claimed.    The court therefore properly held that for an act of negligence not stated in the complaint the plaintiff could not recover.    It did not instruct the jury that for such an act of negligence, had it been charged in the complaint, the plaintiff could not have recovered, under the doctrine established in Jewhurst v. City of Syracuse, 108 N. Y. 303, 15 N. E. 409.    As the negligence of the defendant, if any, in failing to erect a barrier between the street and the excavation in the adjoining lot, was not alleged in the complaint as a ground for a recovery, neither did the plaintiff, when his attention was called to that fact by the charge of the court, ask for an amendment of the pleading, in order that a recovery might be had for the failure of the defendant to erect such barrier.

The court, on the question raised on the trial as to whether the land and premises called "Fifteenth Street" was in fact a public highway, was asked by defendant's counsel to charge as follows: "In order to set in operation the provision of the charter which you read to the jury, it must appear that, at the time the lands and premises were thrown out for a street, they were in the shape and for the purposes of streets, and used as such for five years continuously," and did instruct the jury as thus requested.    The learned counsel for the plaintiff urges that this instruction was erroneous, because it assumed that, to make a legal public highway of the premises known as "Fifteenth Street," it must appear that, at the very time it was thrown open, it was in the shape and for the purpose of a street.    We think the learned counsel gives a rather forced, technical, and unreasonable construction to the remark of the learned trial judge.    Taking such remark and the charge together, the instructions given to the jury were correct, and fully and fairly placed before it the principles of law applicable to the question involved.    Under the circumstances, we are unable to believe that the jury were misled by the statement of the trial judge above adverted to, or that such statement would justify the granting of a new trial.

The trial judge, in one portion of his charge to the jury, used the following language:

"Nor would you be authorized in this case, I charge you, to find that the injury was the result of the accident, if you come to the conclusion, from all the evidence you have before you, that, if it had been properly treated. death would not have resulted.  If you come to the conclusion, from all the evidence before you, that, if she had been treated with ordinary care and skill promptly after the accident, death would not have resulted, then I charge you that the plaintiff is not entitled to recover in this action.  If you come to the conclusion that she was neglected, and that, by reason of that neglect, a situation intervened which resulted in the taking away of her life, then I charge you that for such result the plaintiff cannot recover in this action."

If the deceased, acting in good faith and with proper diligence after her injury, employed a physician, who made a mistake, and treated

her improperly, or neglected her, the jury were thus instructed that she could not recover. The authorities do not sustain the instruction thus given to the jury by the trial court. They establish the doctrine that a party injured by the negligence of another is bound to use ordinary care to effect his restoration and cure, but that he is not responsible for a mistake, and acting in good faith, under the directions of a physician, the mistake of the latter in the treatment will not shield the wrongdoer. Lyons v. Railroad Co., 57 N. Y. 489; Sauter v. Railroad Co., 66 N. Y. 50.

In Sullivan v. Railroad Co., 112 N. Y. 643–648, 20 N. E. 569, a recovery was sustained, although in that case the deceased party rejected the advice of the physician who attended him. It was held that the question of his good faith in taking care of himself after the accident, and his negligence, were for the jury.

In Alberti v. Railroad Co., 118 N. Y. 77, 23 N. E. 35, the judgment in favor of the plaintiff was affirmed, although the evidence indicated that the plaintiff did not secure the best of medical attendance, such evidence being sufficient to sustain a finding that he was unable to procure such attendance, and had acted in good faith.

In Hope v. Railroad Co., 40 Hun, 438, affirmed 110 N. Y. 643, 17 N. E. 873, it was held that if the plaintiff, after an injury caused by the negligence of the defendant, in the care and restoration of herself acted in good faith, but misjudged as to the proper treatment, she was entitled to recover. Landon, J., in his opinion, remarks:

"She was not a volunteer in the care of her ailment. The defendant thrust that burden upon her. Her honest misjudgment, under such circumstances, is not negligence. The true question is, who was the proximate cause of those further ills, she or the railroad company? A wrongful act begins a sequence of harmful effects. An intervening innocently misjudged act of the victim aggravates the harmful effects; but the latter act would have been harmless if the original wrong were not still operative. It now operates more harshly. But it is from its harsher operation that the plaintiff suffers. The original wrongful cause continues to the end, and accomplishes the whole result, and is therefore the proximate cause."

In Lyons v. Railroad Co., supra, it was said in the opinion:

"When one receives an injury through the carelessness of another, he is bound to use ordinary care to cure and restore himself. He cannot recklessly enhance his injury, and charge it to another. * * * But suppose he makes a mistake, and innocently eats or exercises so as to retard his cure or impair his chances of recovery; or suppose he employs a physician who makes a mistake in his treatment, so that he is not as well or as soon restored as he otherwise would have been; who is to be responsible for the mistake? Can the wrongdoer, who has placed him in the position where he must make the choice of remedies and doctors, take advantage of such mistake? Can he shield himself from all the consequences of his wrong because the injured man has not adopted the best means and employed the best doctors? I think not."

Under the authorities cited, that portion of the charge of the trial judge above quoted cannot be sustained. The deceased, after the injury by the negligence of the defendant, was bound in good faith to take reasonable care of herself. If she did so, although the physician or physicians who attended her did not use proper treatment, or neglected her, in consequence of which the injury caused by defendant's negligence terminated fatally, the plaintiff was entitled to recover.

It is suggested by the respondent that the evidence given on the trial failed to show that the plaintiff had sustained any pecuniary damages on account of the alleged negligence of the defendant, or to establish the fact of the absence of contributory negligence on the part of the deceased; and hence, that the defendant was entitled to a judgment of nonsuit on the trial, and as the defendant was thus, on undisputed facts, entitled to a judgment, a new trial should not be granted, although the trial judge may have erred in the portion of the charge above adverted to. As there is no certificate that the case contains all the evidence, and as it purports merely to include the testimony and proceedings had upon the trial as far as the same are necessary to present the plaintiff's exceptions taken in the course of the trial and to the charge of the court to the jury, we are unable to determine whether or not the trial court erred in submitting to the jury the questions as to whether the plaintiff had sustained any pecuniary injury in consequence of the negligence of the defendant, or the question as to the contributory negligence of the deceased.

For the reason above suggested, the judgment should be reversed, and a new trial granted; costs to abide the event.

HERRICK and MERWIN, JJ., concur.

LANDON, J. I concur upon last ground stated in opinion. I doubt whether trial judge was right as to the two propositions first discussed.