1. CARRIERS—INJURY TO PASSENGERS—VARIANCE—MOTION TO CONFORM PLEAD-
   INGS TO PROOF.
      Where a passenger alleges that he started to alight from a street car
   after it had stopped, and was thrown by a sudden starting of the car,
   and the testimony of one of his witnesses ·is that the car had not quite
   stopped, but was slowly moving, when its sudden lunge forward threw
   the passenger, a motion to conform the pleadings to the proof was im-
   properly overruled, as the variance affects only the passenger's con-
   tributory negligence, and not his cause of action.

· Appeal from City Court of New York, General Term.

Action by John F. Scarry against the Metropolitan Street Railway Company.   From a judgment for defendant and from an order deny-ing motion for a new trial, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and CLARKE, JJ.

Kneeland, La Fetra & Glaze (Edward B. La Fetra and Stillman F. Kneeland, of counsel), for appellant.

Henry A. Robinson (Addison C. Ormsbee and Arthur Ofner, of counsel), for respondent.

GREENBAUM, J.   This is an action for damages for personal in-juries.   The plaintiff was a passenger on one of the defendant's cars, and in his complaint he alleges that, at Sixth avenue and Fourteenth street, "he was in the act of getting off" the car "after the said car had stopped," and that while in the act of alighting, and "without any fault or negligence on his part, he was violently thrown from said car," and "the injuries suffered by said plaintiff were caused by the wrongful acts, neglect, default, and want of proper care and skill of the defendant, its agents and servants aforesaid, who suddenly started said car."

Defendant moved for a dismissal on the opening remarks of the plaintiff's counsel.   The grounds upon which the motion was made were not stated, so far as the record shows, but upon the renewal of the motion, at the close of the plaintiff's case, it is made clear that the plaintiff's counsel had stated that "the car was slowly moving," instead of stating that it was at a standstill, when the plaintiff at-tempted to alight.   The defendant contended that this variance be-tween the allegation in the complaint that the car "had stopped," and the fact that it was coming to a stop, was fatal to a recovery.

Before the trial proceeded, the court afforded an opportunity to the plaintiff's counsel to determine whether he relied upon a "stopping of the car" or a slow motion.   Plaintiff's counsel replied·:   "I will

stand on the complaint as set forth, that the car stopped. If there is some variance in the testimony, I will move for an amendment in that respect." The court responded, "Very well." Plaintiff testified that the car had come to a full stop before he attempted to get off. A witness named Gebhart, called in plaintiff's behalf, testified that "the car was about to come to a stop; when it was almost to a stop, it gave one lunge ahead, and Scarry went off this way, and his head hit up against the pillar" of the elevated structure. "By the Court: Q. Then the car did not stop at all at Fourteenth street; is that the version? A. No; I don't say that. It came almost to a sudden stop, and then it suddenly started ahead. Oh, no; it stopped then. After the car was about to come to a stop. It was about to stop, and all of a sudden it gave a lunge or sudden jerk, and then the accident happened, and then it went about a few feet further, and then the car stopped."

After both sides had rested, the plaintiff's counsel moved "to conform the pleadings to the proof." The Court: "The pleadings conform to the proofs now, do they not?" Plaintiff's Counsel: "There may be some question about it; I move to conform the pleadings to the proof." The Court: "All right; your pleadings will conform to the proof."

After both sides had summed up, the court in its charge instructed the jury that "the version of Gebhart is that the car never came to a full stop at all until after the accident. If the accident happened as Gebhart says it did, the plaintiff would have a cause of action against the defendant, but he could not stand upon the complaint which he sues upon in this action." Plaintiff's counsel excepted to the charge "in so far as you say, in substance, that if the jury believes the testimony of the plaintiff's witness Gebhart, that then plaintiff cannot recover." The Court: "I do not so charge."

Thereafter the court, of its own motion, stated:

"Now, with reference to your request to amend your pleadings to conform to the proof, Mr. La Fetra [plaintiff's counsel], an exception was taken to that ruling. Defendant's Counsel: I took an exception. The Court: I will reconsider that, for this reason, that it would be an utter inconsistency to rule that the pleadings should conform to the plaintiff's proof when there is a direct conflict between the plaintiff and his witnesses. One says that the car stopped, and, that while he was trying to alight, the car went ahead; and the other says that the car did not stop; therefore I shall decline to amend the pleadings to conform to the proof. Plaintiff's Counsel: Will your honor hear me before you decide that motion? The Court: It is not necessary for your preservation that these pleadings should be conformed to the proof. You have the plaintiff's version, and upon his version you stand. The jury will simply take into consideration the testimony of your witness Gebhart and the testimony of the other witnesses. Plaintiff's Counsel: I except. I will except to your honor's now reconsidering your motion to allow the pleadings to conform to the proof, and ask your honor to charge the jury in this way. As I conceive the law, it is simply this: The question is whether or not Scarry exercised the same degree of care that an ordinary person under ordinary circumstances would exercise."

The respondent relies upon the case of Patterson v. Westchester Electric R. Co., 26 App. Div. 336, 49 N. Y. Supp. 796, and Anderson v. Third Ave. R. R. Co., 36 App. Div. 310, 55 N. Y. Supp. 290, in support of the court's rulings.

In the Patterson Case there was no amendment of the pleading requested, and, as was pointed out by Mr. Justice Cullen in his opinion in Anderson v. Third Avenue, 36 App. Div., on page 311, 55 N. Y. Supp. 291, from which we will quote, the reversals which were ordered in both of these cases were based upon the errors of the trial judges in refusing to charge the jury in a way that would present the theory of the defense, which was that the car was in motion, and that the accident was due entirely to that circumstance. Judge Cullen says:

"But I reach this conclusion only because the testimony in the case presented two irreconcilable theories of the manner in which the accident was occasioned, and a finding that the car was moving when the plaintiff attempted to get on was fatal to the plaintiff's theory. But it must not be understood that every inaccuracy or mistake made in the testimony of a witness as to the manner in which an occurrence has transpired is fatal to the party's claim. When the credibility of a witness is for the jury to pass upon, the jury is not limited to rejecting or accepting his testimony in the whole; they may accept part and reject part. We can well suppose a case in which the jury might find that the plaintiff was in error, or even untruthful, in his statement that the car was at rest when he started to board it or alight from it, and yet the negligence of the company and the plaintiff's own freedom from contributory negligence might sufficiently appear from the evidence, despite the fact that the car was moving. In such a case a finding that the car was moving at the time of the accident would not defeat the plaintiff's recovery, even though he contended that in fact the car was at rest. I fear that some expressions in the opinion delivered in the case of Patterson v. Westchester Electric R. Co., 26 App. Div. 336 [49 N. Y. Supp. 796], unless construed strictly with reference to the precise facts of that case, may prove misleading as announcing a rule of law not invariably applicable; and I do not wish that there should be misunderstanding on the question, as there was some irreconcilable conflict of theory in that case, as in the one before us now."

It will thus be seen that it was not necessary in the Patterson Case for the court to have said:

"The effect of such a change would be to authorize a recovery upon evidence which disproves the cause of action averred in the complaint, and which is opposed to her proof. Many authorities condemn the plaintiff's claim. Caven v. City of Troy, 15 App. Div. 163 [44 N. Y. Supp. 244]; Neudecker v. Kohlberg, 81 N. Y. 296; Southwick v. First Nat. Bank, 84 N. Y. 420."

Caven v. City of Troy, 15 App. Div. 163, 44 N. Y. Supp. 244, was a case where the action upon which a recovery was held was for an act of negligence not stated in the complaint, and where different questions of law and fact would be applicable to the new facts established upon the trial, than to the cause of action alleged in the complaint.

Neudecker v. Kohlberg, 81 N. Y. 296, was a case in which the cause of action was one ex delicto, and it was sought to convert it into one ex contractu.

In Southwick v. First Nat. Bank, 84 N. Y. 420, the plaintiff failed to prove the cause of action set up in the complaint. No amendment of the pleading was asked for or ordered, and a judgment was permitted "upon a cause of action entirely separate and distinct from that alleged." The following extract from the opinion of the court in that case (Judge Earl writing), page 428, is instructive:

"The Code requires that the complaint must contain a plain and concise statement of the facts constituting the cause of action, and that the plead-

ings must be liberally construed with a view to substantial justice between the parties; and in section 723 ample power is conferred upon the court to amend pleadings at any stage of the action, and, where the amendment does not change substantially the claim or defense, to conform the pleadings to the facts proved. Here, although the defect in the complaint was pointed out in due time upon the trial, no amendment was asked for or ordered. This is not a case where the pleadings can, after the trial, be conformed to the proof, as such an amendment would change substantially the claim of the plaintiff as alleged. This is not a case of mere variance or mere defect, but a case of failure to prove the cause of action alleged in its entire scope. Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to* ensnare and mislead his adversary. Here the defendant was brought into court to answer a complaint that he had violated his promise to apply the proceeds of the draft, and he took issue upon the alleged promise, and when he came to trial he was held liable, not for any breach of promise, but for the money paid by the Boston firm on the ground of the conversion of the draft, or the mistake of facts which induced the payment of the money."

It is therefore manifest that the doctrine that the judgment must be secundum allegata et probata, which is upheld in the decision cited in the Patterson Case, should have no application to a case such as is here presented, unless the fact that the car was "slowly moving" or "slackening up," instead of being brought to a "stop," changed the cause of action or added a new one.

In the case of Rosenberg v. Third Avenue R. R. Co., 47 App. Div. 326, 61 N. Y. Supp. 1052, where a situation similar to that here presented existed, the learned justice who wrote the opinion in the Patterson Case stated that "no new cause of action was added" where an amendment like that here presented was granted.

The complaint in this case shows that the liability of the defendant was predicated upon the negligent act of the employé in suddenly and unexpectedly starting up the car while the plaintiff was in the act of alighting.

It might well be argued that, in view of the other specific allegations, it was unnecessary to allege the fact that the car had stopped when the plaintiff attempted to leave. So far as the defendant's negligence is concerned, it is wholly immaterial whether the car was first brought to a standstill, and was then suddenly and without warning put in motion, or whether, while in the act of coming to a standstill, it accelerated its speed without any notice to the passenger. The act of the plaintiff in attempting to alight while the car was still in motion bore solely on the question of his contributory negligence, and the variance in the proof in this respect simply required an appropriate instruction to the jury that in such a case it was their province to consider and to say whether, from the facts established, the plaintiff acted as an ordinarily prudent man would have acted under similar circumstances.

The cause of action thus arises out of the negligent act of the defendant at the moment when the passenger was justified in believing that it was safe to alight, and, while it is true that no recovery could be had unless the injured one was himself free from negligence, it is difficult to see how the defendant could be misled or injured by a vari-

ance between the allegation that the car had stopped and the proof that it was slowly moving or was about coming to a stop.

Suppose the plaintiff's testimony and that of several disinterested witnesses called by him was to the effect that the car had stopped, and the proof of the defendant's witnesses only differed in that the car was slowly moving, at the time the passenger attempted to alight, would it be proper for the trial court to instruct the jury that, if they believe the defendant's witnesses, there could be no recovery? Or, suppose the plaintiff had alleged that, while the car was slowly moving and about coming to a stop in order to permit him to alight, the car suddenly and without warning was started, etc., and threw him to the ground. Would such an allegation defeat a recovery, without amendment, if it appeared at the trial that the car had in fact come to a stop when the plaintiff attempted to alight?

As the only effect of a variance between a pleading alleging "a stop" and the proof that the car was "moving" would be to present a situation more favorable to the defendant on the question of the plaintiff's contributory negligence, it is not apparent how any injustice would thereby come to the defendant.

As was stated by Mr. Justice Earl in the Southwick Case, supra, the Code requires that "the pleadings must be liberally construed with a view to substantial justice between the parties," and an amendment to conform the pleading to the proof is justified where it "does not change substantially the claim or defense."

While it is doubtful if any amendment was necessary in this case, it is clear that, in any event, an amendment to conform the pleading to the proof should not have been refused. The learned trial justice evidently labored under the impression that the allegation of "a stop" was inconsistent with the proof of "motion," and thereon based his reconsideration of his ruling on the motion to amend. The plaintiff was justified in proceeding to trial upon the assumption that, in case an amendment was necessary, it would be granted, and he was prejudiced by being lulled into the belief, before summing up to the jury, that the amendment had been allowed. He had a right, in addressing the jury, to rely upon the previous ruling of the court respecting the amendment. The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.