EMILY S. RYDER, as Administratrix, etc., of WALTER S. RYDER, Deceased, Respondent, *v.* JOHN FINDLAY, Appellant.

Second Department, March 18, 1921.

Negligence — passenger thrown from automobile — injury or treatment by physician as cause of death — when verdict set aside — errors of surgeon or nurse do not excuse original wrongdoer.

Where on the trial of an action for negligently causing the death of an automobile passenger injured in a collision, there is a dispute as to whether death was due to the injury or to the treatment of the attending physician, and the jury is, in effect, told that if the deceased " would not have died except for the negligence of the physician, then there can be no recovery here against the defendant," a verdict for the defendant is properly set aside.

An original wrongdoer, whose acts inflict injuries that may result in death, is not relieved by errors of a surgeon or nurse in treatment of the injury.

APPEAL by the defendant, John Findlay, from an order of the Supreme Court, made at the Westchester Trial Term and entered in the office of the clerk of the county of Westchester on the 10th day of May, 1920, setting aside the verdict in favor of the defendant and granting a new trial.

The action was for negligently causing the death of Walter

S. Ryder by a collision on September 4, 1917, of the automobile in which he was riding with another motor car, by which Ryder was thrown out and rendered unconscious, receiving fractures of the ribs. He was placed on a passing mail truck and taken to the United Hospital in Portchester, and there attended by a Harrison physician for about half an hour, who then went away. His treatment was the subject of some dispute. The following morning Ryder died. After the jury had been charged, and retired, they returned and asked respecting two negligent causes of death. If there were two causes of death, both efficient and concurring, the court said that plaintiff could still recover. " You must find, however, in that event, that this man would not have died had it not been for the negligence of Findlay; you have got to find that anyway in order to find for plaintiff here. Juror: Suppose we find that he would not have died except for the negligence of the physician? The Court: If he would not have died except for the negligence of the physician, then there can be no recovery here against the defendant."

The jury again retired, and then brought in a verdict for defendant, which the court set aside for misdirection.

*Humphrey J. Lynch* [*Alfred W. Andrews* with him on the brief], for the appellant.

*Sydney A. Syme,* for the respondent.

PUTNAM, J.:

We agree that the court's final answer here may have given an erroneous impression. After explaining concurring causes of death, an instruction was asked on the supposition that the jury found that Ryder " would not have died except for the negligence of the physician," which led to the statement that then there could be no recovery against defendant.

The rule is that an original wrongdoer, whose acts inflict injuries that might result in death, is not relieved by errors of a surgeon or nurse in treatment of the injury. (*Purcell* v. *Lauer,* 14 App. Div. 33, 38; *Lyons* v. *Erie Railway Co.,* 57 N. Y. 489; *Caven* v. *City of Troy,* 15 App. Div. 163.)

And this extends also to the criminal law. If a felonious assault is operative as a cause of death, the causal co-operation

of erroneous surgical treatment does not relieve the assailant from liability for the homicide. (*People* v. *Kane*, 213 N. Y. 260.)

The order for a new trial should, therefore, be affirmed, with costs.

Present — MILLS, RICH, PUTNAM, BLACKMAR and JAY-COX, JJ.

Order unanimously affirmed, with costs.