AARON A. DEGRAW, Respondent, *v.* JAMES H. ELMORE, Appellant.

Plaintiff's complaint alleged in substance that he was induced by fraudulent representations on the part of defendant to purchase and pay for certain stocks; that upon discovery of the fraud, he elected to rescind the contract, tendering back the stocks purchased, and demanded the money paid therefor, which defendant refused to pay, etc. He claimed to recover the alleged purchase-money paid. Upon the trial it appeared that plaintiff paid no money for the stocks, but only credited defendant the amount of the purchase-price upon a prior indebtedness. *Held* (PECKHAM, J., dissenting), that the rescinding the contract restored plaintiff to his original right as to the prior indebtedness and made the credit a nullity; that the credit could not be regarded for the purposes of the action as so much money paid, and thus a judgment be recovered which could be enforced by imprisonment, and that plaintiff was not entitled to recover;

The Code does not authorize a recovery where the complaint alleges facts showing a cause of action in tort by proving upon the trial a cause of action in contract.

(Argued May 29, 1872; decided June 20, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

The action was brought to recover moneys alleged to have been paid defendant upon a purchase of certain stock of the

SICKELS—VOL. V. 1

Mahony Coal Company, which purchase was induced by fraudulent representations upon the part of defendant.

The complaint set up the purchase and payment for the stock, the fraudulent representations, the tender of the stocks upon discovery of the fraud and demand of the purchase-money, and the refusal of defendant to receive back the stocks or pay back the money.

Upon the trial it appeared that nothing was in fact paid for the stock, but that plaintiff credited the amount of the purchase-price upon an account owing by defendant to him.

At the close of plaintiff's evidence, defendant's counsel moved for a nonsuit upon the ground, among others, that plaintiff parted with no value for the stock, but received it in payment of a precedent debt, and if fraud was practiced the original debt still remained and his status was not changed, which motion was denied.

The judge charged the jury, among other things, that if the defendant's representations were untrue, the plaintiff could rescind the contract and recover back the money paid by him for the stock.

The court also charged that if the defendant represented the stock he sold the plaintiff as that of another person, when in fact it was his own, the sale was a fraud upon the plaintiff, and gave him a right to rescind the contract and recover the price paid.    To this the defendant excepted.

That if the defendant represented the stock which he sold the plaintiff as the stock of any other person, when in fact his own, and the plaintiff relied upon his representation, either in part or in whole, in making the purchase, then this state of facts constituted the defendant in this transaction the agent of the plaintiff.    To this the defendant excepted.

The jury found a verdict for the amount of the credit given for the stock.    Certain questions of evidence raised upon the trial appear in the opinion.

*Samuel Hand* for the appellant.    The only effect of the rescission was to make the credit given for the stock a nullity.

(*Lawrence* v. *Clark*, 36 N. Y., 128.) A mere misrepresentation as to who was the owner of the stock is immaterial. (*Frost* v. *Clarkson*, 7 Cow., 25; *Horton* v. *Morgan*, 19 N. Y., 170.) The exclusion of the offered evidence as to the advice of his counsel in regard to the lease was error. (*Oberlander* v. *Speiss*, 45 N. Y., 175.)

*John E. Parsons* for the respondent. Where defendant transfers his own stock to plaintiff upon representations that he is buying for him of another, plaintiff can rescind. (*Conkey* v. *Bond*, 36 N. Y., 427; *N. Y. C. Ins. Co.* v. *N.P. Ins. Co.*, 14 id., 85.) Both the fraud and the fiduciary relation entitled plaintiff to rescind. (Story on Agency, §214; *N. Y. C. Ins. Co.* v. *N.P. Ins. Co.*, 14 N. Y., 91; *Conkey* v. *Bond*, 36 id., 427; *Bennett* v. *Judson*, 21 id., 238.) A refusal dispenses with the necessity of a tender. (*Douglas* v. *Patrick*, 3 Term R., 683; *Thomas* v. *Evans*, 10 East., 101; *Slingerland* v. *Morse*, 8 Johns., 476; *Everett* v. *Saltus*, 15 Wend., 478; *Vanpell* v. *Woodward*, 2 Sandf. Ch. R., 143.)

GROVER, J. The remedy of a party claiming that a fraud has been practiced by which he has been induced to enter into a contract, is so thoroughly settled, that the mere statement is sufficient. He has his election upon the discovery of the fraud either to affirm the contract and bring an action for the recovery of the damages sustained by him, or to disaffirm the contract, restore to the other party all he had received under it, and demand and recover from him all he has parted with in pursuance of the contract. In case the latter remedy is adopted and the fraud is established, the contract is rescinded, and the rights of the parties the same as though it had never been made. If the party guilty of the fraud refuses to restore upon demand what he has received under the contract, it may be recovered of him or its value in the proper action as tortiously withheld. Upon an execution issued upon a judgment so recovered, the debtor would be liable to arrest and imprisonment in like manner as upon other judg-

ments recovered for torts. In the present case the plaintiff elected to rescind the contract. He accordingly offered to return the stock purchased to the defendant, who refused to receive it. The action was for the recovery of the money, $9,000, alleged to have been paid by the plaintiff therefor, with interest. The proof was that no money was paid by the plaintiff to the defendant for the stock, but that a credit of $9,000 therefor was given by the plaintiff to the defendant upon an account which the plaintiff had against the defendant for money paid by him for the defendant to a contractor for the construction of a certain street railroad, upon which there was a balance due from the defendant to the plaintiff of about $16,000. The court upon trial held and decided, that in case the plaintiff established his cause of action in other respects, he was entitled to recover the amount of this credit upon the account, and so charged the jury, to which an exception was taken. This was error. The contract, if rescinded, restored the plaintiff to his original right as to the account, the credit given being a nullity. That right was to recover the account in an action upon the contract. Upon the judgment so recovered the defendant could neither be arrested or imprisoned, in the absence of an order of arrest made before the recovery. The credit could not be regarded as so much money paid for the purposes of the action, and in that way a judgment recovered that could be enforced by imprisonment. It is insisted that under the Code, forms of action are abolished, and that the facts showing the right of action need only be stated. This is correct, but it does not aid the plaintiff. The facts are not stated. The plaintiff had a cause of action against the defendant upon an account for money advanced for him. Instead of stating this cause of action, the allegation is in substance that he paid him money as the price of stock fraudulently sold by the defendant to the plaintiff, which contract has been rescinded by the plaintiff, and a return of the money demanded, which has been refused by the defendant. These causes of action differ in substance.

The former is upon contract, the latter in tort, and the law will not permit a recovery upon the latter by showing a right to recover upon the former. If so, we have seen that the defendant might be imprisoned where the recovery was really upon contract. It is insisted that the ruling may be sustained upon the ground that there was some proof that the plaintiff held some stock as security for the amount which he had surrendered to the defendant. There are several answers to this. First, the proof was conflicting as to whether any stock was surrendered by the plaintiff to the defendant upon this transaction. Second, there was no proof of the value of any such stock. Third, there was no proof that any such stock was demanded prior to the commencement of the action. It is further insisted that the answer admits that the plaintiff had paid the defendant for the stock in other stock. This does not aid the plaintiff. There was no proof of a demand of any stock so received or of its value. It was this stock that the plaintiff was entitled to have restored or its value, and to perfect his right he must make a demand of it. This disposes of the case, but as a retrial may be had upon an amendment of the pleadings, setting up the cause of action upon the account, which the Special Term may allow upon terms, I will add, that I think the court erred in charging the jury, in substance, that if the defendant represented to the plaintiff that he was going to purchase stock of another person and would sell the plaintiff what he wanted of it, when in fact the defendant then owned it, the fraud of the defendant was established. This testimony should have been submitted to the jury in connection with the other testimony, to enable them to determine whether the defendant was guilty of fraud in making the sale. The testimony offered, that the defendant was advised that the assignment of the lease to the company gave it a good title, should have been received upon the question whether the representation of the defendant that the company owned the property was made with intent to defraud

the plaintiff.   The judgment appealed from must be reversed and a new trial ordered, costs to abide event.

PECKHAM, J. (dissenting).   As to the main ground of reversal, there is no such point taken at the trial.   There is not an intimation, from the beginning of the trial to the end, that there was any defect in the complaint, or that the wrong action was brought; not a word that the action should have been for the original demand due the plaintiff, in payment whereof the stock was taken.   The point, as argued on the motion for a nonsuit, was that no fraud had been committed, because the plaintiff had parted with nothing; therefore the defendant was guilty of no fraud.

But the point was never presented to the mind of the judge at the trial that the action should have been upon the original debt.   I am opposed to raising it here.   Because:

First.   The merits of the cause have been fully tried, without surprise to either party.   No matter what the form of pleadings, the trial must always involve the same question of fraud in the sale of the stock to plaintiff.

If the complaint be simply for the original money due to plaintiff, the defendant sets up payment by this stock, and then the question arises on the trial whether the sale was fair or fraudulent.   It is the only question in dispute, and that question has been fairly tried.   The only benefit that could arise by the proposed amendment of the complaint, would be to have pleadings that should conceal the real matter in dispute.

Second.   The complaint is sufficient as it is.   It is within the plain meaning and spirit of the Code.   It " contains a statement of the facts constituting the cause of action in ordinary language, in such manner as to enable a person of common understanding to know what is intended."   (Code, § 141.)

The only objection is, that it alleges that the plaintiff paid

the money for the stock, when in fact, the stock was received by plaintiff in payment of $9,000, money defendant confessedly owed plaintiff, a mistake in stating the precise consideration. The defendant understood the complaint; no pretence that he was misled by it.

This variance, between the pleading and the proof, the court had full authority to amend or to disregard under the Code.

This question of pleading has been a terror to suitors for many years before the Code. Legislatures have sought in vain to give relief, and now if this decision be sustained, I think our movement is backward much more than half a century.

England was our original, but she is far more liberal in disregarding variances in pleadings, both civil and criminal, than we are.

By our Code we have fully repudiated the practice of special pleading, and this decision seems to hold that we shall not have the benefit of the Code.

Probably in not one case in ten thousand has injustice been done from the ignorance of a suitor as to the matters to be tried.

But the cases of loss and damage to suitors by some defect of pleading have been innumerable.

There is no difficulty as to the question of imprisonment, as this court has recently held. The point was not raised or discussed by counsel, and I shall not review it. But clearly if the amendment be made in the complaint according to the proof, the defendant will not be imprisoned unless the law justifies it.

All concur, except PECKHAM, J., dissenting.

Judgment reversed.