GETTY *et al.* v. SPAULDING *et al.*, appellants.

*Amendments — power of court to allow — striking out names of parties — changing form of complaint and demand of relief.*

In an action by five plaintiffs to rescind a contract for fraud, the special term dismissed the complaint. This decision was affirmed by the general term and reversed by the commission of appeals. After this, plaintiffs moved to amend complaint by striking out the names of three plaintiffs, whose interests had, after the action was commenced, been acquired by the other two, and by changing the verbiage and form of the complaint, but not varying the substantial facts. *Held,* that the court could, in furtherance of justice, allow the complaint to be so amended.

APPEAL from an order made at special term by Mr. Justice FAN-CHER, permitting the plaintiffs, Robert P. Getty and another, to amend the complaint, by striking out the whole of the original complaint between the first paragraph thereof and the signature of plaintiffs' attorney, and providing that the action might be continued in the names of the two present plaintiffs, without prejudice to any proceedings in the action. The terms upon which plaintiffs

were allowed to amend, was the payment of $20 costs to the appellants. The action was brought by the present plaintiffs and three others to rescind a certain contract alleged to have been fraudulent, the terms of which are stated in the opinion. On the trial, in February, 1874, at special term, the defendants, Henry F. Spaulding and others, had judgment of dismissal of the complaint, which was affirmed at general term, but was reversed by the commission of appeals, and a new trial ordered, with costs to abide the event. An appeal was taken, and the case was argued before the general term, DAVIS, P. J., and DANIELS and LAWRENCE, JJ., sitting, and a decision rendered affirming the decision of the special term so far as the allowance of the amendment was concerned, but modifying it in respect to the terms upon which the allowance should be had. This modification was made in consequence of a misapprehension on the part of the court in regard to the decision of the case by the commission of appeals. The opinion of DANIELS, J., delivered upon that hearing, except the portion relating to a modification of the order, is as follows:

"DANIELS, J. The original complaint in the action was in favor of the two present plaintiffs and three other persons having like grounds of action, to rescind an agreement they had made, by which they bound themselves to pay certain sums subscribed by them to obtain title to lands in the State of Ohio, for the reason that they had been induced to entertain the same by means of fraudulent representations of other persons professing to be engaged in the same enterprise." &ast; &ast; &ast; &ast;

"The present plaintiffs claim to have acquired by assignment the interests of the other plaintiffs in the action, and an order was made allowing such changes to be made in the complaint, and the names of the plaintiffs as were necessary to set forth the cause of action according to that theory, and that is the order from which the appeal has been taken. It will be seen that the essential facts in the controversy between the parties have not been materially changed in the statement made of them under the amendment, and of the facts proved upon the trial already had concerning the existence of which there seems to be but little ground for controversy. The plaintiff, by the order, has not been permitted to present different claims for relief, although the facts are more fully set forth in the complaint provided for by the amendments allowed, and the verbiage has been

essentially changed. They are still the same in substance as were included in the first complaint, and established on the trial. By the assignment of the interest of the other three plaintiffs to those now prosecuting the action, the objection to joining on separate claims and interest has been renewed, and it was clearly within the power given to the court to allow the title of the action and complaint to be so far changed as to render it conformable to those interests of the plaintiffs by providing for the substitution of the party acquiring the interest in the place of its previous owners. Code, § 121. This power is broad and comprehensive, and may readily be held to include the assignment of a partial as well as an entire interest in the subject-matter of the action. The greater includes the less, and it is the former for which the express provision has been made. Upon the trial of an action the power of the court, before which the trial may and might be proceeding, over amendments is limited to mere matters of variance (Code, §§ 169, 170); but on special motion made, either before the trial has been commenced or after an ineffective trial has been had, or while the trial may be in fact suspended for the purpose of allowing such a motion to be noticed and heard, the power of allowing amendments is very much more complete. In such a motion the court has full control over the parties and their proceedings for the purpose of remedying all such defects as justice may require to be corrected and provided for. This has not only been the case since the enactment of the Code of Procedure, but it was equally so before that time. By section 173 power is conferred upon the court, either before or after the judgment, to amend in pleading, process or proceeding by allowing or striking out the name of any party, or a mistake in any respect, or by inserting other allegations material to the case, and by section 174 it may supply an omission in any proceeding. This authority, unqualified as the law has confirmed it, to correct a mistake in any other respect than in the name of the party previously provided for to supply an omission in any proceeding, and to insert other allegations material to the cause, is as broad as the nature of any mistake or omission may require for their correction. It is qualified by no restriction beyond the requirements that it must be in furtherance of justice, and on such terms as may be proper. Subject to these considerations, the court is endowed with complete power of action, and its exercise, when judicially invoked

Getty v. Spaulding.

by special motion on notice, as it was in this case, is justified by the promotion of the ends of justice."

The general term required plaintiff, as a condition of amendment, to pay defendants' costs in the action. A motion was thereafter made for a rehearing and modification of the order directed in the foregoing opinion before DAVIS, P. J., WESTBROOK and DANIELS, JJ., which motion was granted for the reasons stated in the following opinion.

*John E. Develin,* for appellant.

*F. N. Bangs,* for respondent.

DANIELS, J. The modification directed in the order appealed from, as to the terms on which the plaintiffs should have leave to amend their complaint and continue the action in the names of two of them, was made upon the supposition that the judgment appealed from was in the plaintiffs' favor, while the fact is that the judgment was against the plaintiffs and reversed by the commission of appeals, because the facts proved, beyond controversy, entitled them to relief in the action. This difference renders the reason given for the modification wholly inapplicable; for, by the reversal of the judgment against the plaintiffs and the ordering of a new trial, the court must have designed to have it understood that a recovery might be had by them which the law would allow to be maintained. Upon that state of the case the costs awarded by the decision would be more likely to be recovered by the plaintiffs than the defendants; and the amendments, so far as they changed the form given to the action by the complaint, would not deprive the defendants of any advantage secured by them in the case. The facts still remain essentially the same as first alleged, though more minutely and particularly stated. The case involved in the action, upon the substantial rights demanded, depends upon the same leading circumstances, and the answer already served seems to be well adapted to the trial of the case in its altered form. The demand of judgment, it is true, differs very materially from the one inserted in the original complaint; but in an action at issue upon the facts that is not a circumstance of very great importance, because the court can award any relief consistent with the facts in that condition of the action without reference to the form of judgment demanded by the complaint. Code, § 275.

The amendments allowed, as already held, were within the power of the court over the action on special motion made on notice for that purpose. *Beardsley* v. *Stover*, 7 How. 294; *Troy & Boston R. R. Co.* v. *Tibbitts*, 11 id. 168; *Union National Bank* v. *Bassett*, 3 Abb. N. S. 359; *Degraw* v. *Elmore*, 50 N. Y. 1, where it is assumed that the special term possesses such power over actions pending in this court. Id. 5.

As the probabilities resulting from the reversal of the judgment against the plaintiffs are, that they would upon another trial not only recover a judgment for substantial relief, and with that the costs awarded to abide the event, by the decision of the court of appeals, they ought not to be required to pay such costs to the defendants as a condition for the privilege of making amendments that may in the end entitle them to nothing more than the court might give without them.

They were allowed to be made without prejudice to the proceedings already had in the action; for that reason, as the answer puts in issue all the facts alleged in the complaint, no amendment of it will probably be required for the proper presentation of the defendants' rights, or the protection of their interests; nor can any other serious inconvenience be imposed upon them by the amendments, while they allow a more complete statement to be made of the facts of the case, as they have already been proved to be, and an adaptation of it to the additional rights of the remaining plaintiffs arising out of the assignment of the other interests to them.

The costs required to be paid to the defendants on account of these changes cannot, from any thing appearing before the court, be held to be inadequate to the advantages which they may be deprived of by means of the amendments. The discretion existing on the subject cannot be said to have been improperly exercised in the adjustment of the terms provided for.

The direction already given should therefore be so far changed as to require the order appealed from to be affirmed.

DAVIS, P. J., and WESTBROOK, J., concurred.

*Order affirmed.*