Allen, J.
The complaint is for fraud, and not upon contract. Whether the facts stated constitute a cause of action is not material. The whole frame-work is in fraud, and the cause of action, as set forth, is based upon the false and fraudulent representations of the defendant, by which the plaintiff was induced to surrender and give up to the defendant his promissory note, held and owned by the plaintiff) for an insufficient consideration, an amount considerably less than its face, by reason whereof, as alleged, the u plaintiff has been deceived and defrauded out of said sum of $582.70, and has sustained damage to that amount.”
The theory of the plaintiff at the commencement of the action, and the foundation of his claim as formally made in his complaint, was, that a surrender of the note upon fhe receipt of an agreed sum, less than the amount actually due in satisfaction for the full sum, was equivalent to a release under seal, and effectually discharged the debt. In that view he could only recover by impeaching the release and discharge, for fraud, and he framed his complaint to meet the *268 case in that form. His whole cause of action rested upon the alleged fraud, and it was an entire change of that cause, and a surprise upon the defendant, when this view was ignored by. the counsel and the court at the trial, and a verdict ordered upon a denial in the answer of the only material allegations of the complaint. We are not to speculate upon the question whether the surrender of the note did discharge the obligation. The plaintiff assumed that it did, and brought his action to recover for the fraud by which the discharge was procured. It w*as error in the court to change the form of the action, by striking out or treating as surplusage the principal allegations—-those which characterize and give form to the action —■ because, perchance, there may be facts stated by way of inducement spelled out, which would, when put in prtipCr form, have sustained an action of assumpsit.
The defendant was called upon to answer the allegations of fraud, and not to resist a claim to recover in assumpsit. . The two forms of actions might require very different defences. This is not the case of an obligation or contract fraudulently incurred, 'in-an action upon which the fraudulent acts of the obligor or promissor are averred, which, as they do not enter into the contract, and are not essential to the cause of action, may and should be rejected as surplusage, as in Graves v. Waite, * recently decided by this court. The plaintiff was not, under the complaint, entitled to a verdict and judgment, as in an action upon the note. The defendant, in preparing his answer and putting in his defence, was as unconscious of any necessity of stating and setting up any defence he might have to the note, as the framer of the complaint was innocent of any intent to make a case for a recovery upon the note, as a valid ^nd subsisting obligation. While the Code is liberal in* disregarding technical defects and omissions in pleadings, and in allowing amendments, it does not permit a cause of action to be changed, either because the plaintiff fails to prove the facts necessary to sustain it, or because he has mistaken his remedy, and the force and effect of the allegations of his *269 complaint. (Code, § 173; DeGraw v. Elmore, 50 N. Y., 1; .Ross v. Mather, 51 id., 108; Elwood v. Gardner, 45 id., 349.)
The judgment must be reversed and a new trial granted, costs to abide the event.
All concur in result.
Judgment reversed.

 Ante, p. 156.