### MADERS v. WHALLON et al.

(Supreme Court, General Term, Third Department. September 22, 1892.)

FRAUDULENT CONVEYANCES—PLEADING—FORECLOSURE OF MORTGAGE.

An action was brought to set aside a fraudulent conveyance of real estate, and a lis pendens was filed. After the case was submitted, and decided against plaintiff, a lis pendens for the foreclosure of a mortgage on the same property was filed, without amendment of the complaint. Held error in the court to decree a foreclosure of the mortgage, no claim having been made nor issue joined in respect thereto. 19 N. Y. Supp. 638, affirmed.

Motion by plaintiff for a reargument; judgment in his favor at special term having been reversed on appeal, and a new trial ordered. 19 N. Y. Supp. 638. Reargument denied.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

PER CURIAM. We have again examined this case, and see no reason to change our views. As suggested in our opinion, pleadings are of little use if they are to be so construed by courts that under a complaint like the one in question, which plainly states a cause of action, to set aside a conveyance as fraudulent against creditors, a judgment can be rendered to foreclose a mortgage made on the sale so alleged to be fraudulent; no fraud in fact being proved or found by the court. We think the weight of authority is against the propriety of such a practice. As bearing on the question involved, in addition to the authorities cited in our opinion, see *Patterson v. Patterson*, 1 Abb. Pr. (N. S.) 262; *Degraw v. Elmore*, 50 N. Y. 1; *Barnes v. Quigley*, 59 N. Y. 265; *Ross v. Mather*, 51 N. Y. 108; *Matthews v. Cady*, 61 N. Y. 651, 652; *McMichael v. Kilmer*, 76 N. Y. 36. The complaint was never amended. The only substantial issue raised in the case by the pleadings, for the court to try, was as to the alleged fraud. On that issue the plaintiff was defeated, and we think for that reason his complaint should have been dismissed. But, although defeated on the only issue raised by the pleadings, plaintiff was allowed by the trial court to recover judgment for a relief not asked for. The impropriety of taking a judgment for a foreclosure and sale in this action is apparent. As an action to foreclose a mortgage, defendant might have desired to make another answer or to produce other evidence than he did, as to the amount due on the mortgage, its ownership, or in other regards. The complaint gave defendant no notice that the action was one brought to foreclose a mortgage, and defendant was not bound to answer or produce such evidence as he might desire to in an action for a foreclosure and sale of mortgaged premises. We therefore conclude that the motion for a reargument should be denied, with costs.