(44 Misc. Rep. 462.)

ZEISER v. COHN.

(Supreme Court, Special Term, Albany County. July, 1904.)

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE.

A judgment creditor, after return of execution unsatisfied, sued to set aside certain conveyances of the judgment debtor as fraudulent, and alleged that the grantee had agreed to pay the debts of the judgment debtor to plaintiff. Plaintiff prayed that the proceeds of certain real estate which had been conveyed and sold by the grantee be applied to plaintiff's judgment, and for a receiver. *Held,* that the only cause of action alleged was one to set aside the fraudulent conveyances.

2. SAME—SEPARATE CAUSE OF ACTION.

In an action to set aside a conveyance as fraudulent, and to apply proceeds of sales by the grantee of the property conveyed to the judgment creditors, the notice of lis pendens stated that the action was in the nature of a creditors' bill to set aside the conveyance and establish a lien, and counsel of plaintiff in his opening address characterized the transaction as fraudulent as to creditors. *Held,* that any allegations in the complaint as to the grantee's agreement to pay the debts of the

judgment debtor were simply allegations as to the nature of the fraud of the scheme, and did not constitute a separate cause of action on contract.

3. SAME—COMPLAINT—AMENDMENT.
Where plaintiff sued to set aside a conveyance as fraudulent, and introduced evidence that grantee had agreed to pay the grantor's debts, over the objection of defendant, plaintiff could not have the complaint amended to conform to the proof.

4. PLEADING—AMENDMENT.
An amendment changing a cause of action from tort to contract cannot be allowed.

5. SAME—CHARACTER OF ACTION.
Where a complaint sets forth facts sufficient to state a cause of action at law or one in equity, the character of the action is to be determined by the prayers of the complaint.

6. NONSUIT—ISSUES.
Where the court reserves its decision on a motion for nonsuit until the close of the case, all questions which can be considered on the motion to set aside a verdict are before the court, except as to the weight thereof.

Action by John Zeiser against Mark Cohn. Motion for nonsuit. Granted.

Fletcher W. Battershall (J. Newton Fiero, of counsel), for plaintiff.
Mark Cohn (James J. Farren and John A. Delehanty, of counsel), for defendant.

HERRICK, J. Upon a motion for a nonsuit, where a decision is reserved until after the verdict, all questions are before the court that could be raised upon a motion to set the verdict aside, except as to inferences to be drawn from, or the weight of, evidence. After a review of the pleadings and of the proceedings upon this trial, I am satisfied that the court committed an error in permitting the plaintiff to prosecute the action as one upon contract, instead of an action in the nature of a creditors' bill to set aside conveyances alleged to have been executed to defraud creditors.

The complaint in this action, in the first paragraph thereof, sets forth the recovery of a judgment on or about the 23d of October, 1902, in favor of the plaintiff and against one Jacob Cohn, for the sum of $8,325.77. The second and third paragraphs state the issuing of an execution upon said judgment to the proper county, and its return unsatisfied, and that there is still due upon the judgment to the plaintiff the sum of $8,325.77. In the fourth it is alleged that after the indebtedness upon which said judgment was based was contracted, but previous to the recovery of said judgment, said Jacob Cohn was the owner of certain real estate of the approximate value of $125,000, and was also the owner and in possession of certain goods, wares, merchandise, store fixtures, and accounts receivable of the approximate value of $25,000. "That said lands, goods, wares, merchandise, and accounts receivable were of a value sufficient to satisfy said judgment, and out of which the same might have been satisfied and collected on execution but for the bill of sale and conveyance, and practices and contrivances, of the de-

¶ 5. See Action, vol. 1, Cent. Dig. § 143.

fendant Jacob Cohn, hereinafter particularly described." The fifth alleges that after the indebtedness upon which the judgment was based was contracted, but previous to the recovery of said judgment, and on the 2d day of June, 1897, the said Jacob Cohn transferred and assigned to Theresa Cohn, his mother, all the goods, wares, merchandise, store fixtures, and accounts before mentioned by a bill of sale. "That the consideration expressed in said bill of sale was the sum of $1, an alleged indebtedness of said Jacob Cohn to said Theresa Cohn, and her agreement of even date. That the said agreement by Theresa Cohn, as plaintiff is informed and believes, was an agreement by her to pay the debts of said Jacob Cohn then due and thereafter to become due." The sixth alleges that after the indebtedness upon which said judgment was based was contracted, but previous to the recovery of said judgment, Jacob Cohn, by conveyance dated the 2d day of June, 1897, granted and conveyed to Theresa Cohn, his mother, all the real estate owned by said Jacob Cohn; and, upon information and belief that the consideration of said conveyance was the sum of $1, and a collateral agreement of even date by which Theresa Cohn, in consideration of said transfer, agreed to pay the debts of Jacob Cohn then due and thereafter to become due. The seventh alleges "that by the aforesaid collateral agreement of Theresa Cohn, made in consideration of said conveyance and bill of sale, she agreed to pay the indebtedness of said Jacob Cohn to this plaintiff upon which said indebtedness the judgment aforesaid was based, which she failed and neglected to do." The eighth alleges that said bill of sale of goods, wares, and merchandise, and the conveyance of the lands of Jacob Cohn, were made by said Jacob Cohn, and accepted by Theresa Cohn, "with intent to delay, hinder, and defraud creditors of said Jacob Cohn, including this plaintiff, and that the same was not accompanied by an immediate and continued change of possession of the property, and that, ever since the same was executed and delivered, the said property, or other property bought with the avails thereof, has remained in the actual possession and under the control of the said defendant Jacob Cohn, who has retained possession and control thereof, under the false and fraudulent pretense that he was the agent of said Theresa Cohn and her successor in interest." The ninth alleges that the alleged indebtedness of Jacob Cohn to Theresa Cohn set forth in the bill of sale, and pretended to be part of the consideration for the conveyance of the real property, was fictitious, "and that in fact no such indebtedness existed; that the same was therein inserted and claimed for the sole purpose of enabling Jacob Cohn to distribute the proceeds of the goods passed under said transfers, and the lands transferred by said conveyance, among the friends of said Jacob Cohn, and to keep possession and control thereof himself." The tenth alleges the death of Theresa Cohn on the 25th day of July, 1900. That she left a last will and testament whereby she left all her property, real and personal, to her son, the defendant Mark Cohn. Also named said Mark Cohn as the sole executor of her last will and testament. That said will was admitted to probate, and the defendant Mark Cohn duly qualified as said executor and is now acting as such. "That the said Mark Cohn was aware of the conditions of and the consideration for the aforesaid bill of sale and conveyance, and took the property with

full knowledge of all the facts hereinbefore set forth relative thereto." The eleventh alleges that prior to the recovery of the judgment but after the indebtedness upon which it was founded was contracted, Mark Cohn sold and conveyed a portion of the lands heretofore conveyed by Jacob Cohn to Theresa Cohn for the sum of $65,000, which said sum the plaintiff alleges is now in his possession and under his control. The twelfth alleges that the bill of sale and the conveyance aforesaid created and do create an incumbrance upon all the property, real and personal, of the defendant Jacob Cohn, which prevents the plaintiff from selling the same under execution, and from reaching and taking said lands, goods and chattels, and choses in action, or the proceeds of such portions of the real and personal estate as may have been sold and turned into money by the defendant Mark Cohn, individually and as executor of the last will and testament of Theresa Cohn, and from realizing therefrom the amount of said judgment. The thirteenth alleges that the plaintiff has demanded of Mark Cohn individually, and as executor of the last will and testament of Theresa Cohn, the payment of said judgment against Jacob Cohn, with interest, out of the property of Theresa Cohn, deceased, conveyed to her by the defendant Jacob Cohn, and that Mark Cohn refuses and neglects to pay it.

The plaintiff then demands judgment against the defendant "that the said assignment and conveyance be set aside and declared fraudulent, null, and void, and of no virtue, force, or effect as against this plaintiff. That the said parcels of real estate be declared to be subject to the lien of said judgment of this plaintiff, together with the personal property assigned as aforesaid, and that the same be sold under the judgment of this court in this action. That said lien attach to the proceeds of such real estate in the hands of the defendant Mark Cohn, and that the proceeds of such sale, or other moneys or proceeds in the hands of said defendant Mark Cohn, be applied to the payment of 'defendant's said judgment. That the defendant Mark Cohn be adjudged to have in his hands funds and property which are applicable to the payment of this judgment, and that he be directed to pay over the same to this plaintiff, or to a receiver of the property of Jacob Cohn to apply thereon. That for the said purpose, and to carry into effect the decree of this court, a receiver of all the property and effects of said Jacob Cohn be appointed. That the said receiver pay out of the proceeds of said property the judgment aforesaid, together with the costs and expenses of this action, and hold the balance subject to the further order of this court. That the defendants and each of them be in the meantime enjoined and restrained from disposing of any portion of said property, or paying away any of the proceeds thereof, or in anywise interfering therewith, and for such other and further relief as to this court may seem just and equitable."

At the time of the commencement of the action the plaintiff filed a notice of pendency thereof in the Albany county clerk's office, stating as follows:

"Notice is hereby given that action has been commenced and is now pending in this court upon the complaint of the above-named plaintiff against the above-named defendants, said action being in the nature of a creditors' bill to set aside and declare null and void as in fraud of creditors, and to establish

a lien upon certain premises hereinafter more particularly described, which said premises, among others, were heretofore, and on or about the 2d day of June, 1897, conveyed by Jacob Cohn to Theresa Cohn by deed, etc.,  *  *  * and to charge said real estate with a judgment heretofore recovered by John Zeiser against Jacob Cohn in the Supreme Court for $8,325.77, with interest from the 23d day of October, 1902, with costs."

In opening the case the counsel for the plaintiff characterized the transaction as fraudulent, and committed for the purpose of hindering and defrauding the creditors of Jacob Cohn. Upon the trial the plaintiff asked the defendant to produce the written agreement entered into between Jacob Cohn and Theresa Cohn at the time of the conveyance to her of the real estate and personal property mentioned in the complaint. The defendant thereupon produced a written agreement executed by said parties, which, however, did not contain the name of the plaintiff, John Zeiser, as one of the creditors whom Theresa Cohn agreed to pay. The plaintiff then proceeded to give evidence to the effect that the name of John Zeiser was in the original written agreement made between Jacob Cohn and Theresa Cohn. The defendant objected to any evidence of the agreement, or any evidence that the name of the plaintiff, John Zeiser, was in the agreement between Jacob Cohn and Theresa Cohn, upon the ground that such evidence was not material or relevant to the issue as to whether the conveyance by Jacob Cohn to Theresa Cohn was fraudulent and void as to creditors. In response to that objection, the plaintiff's counsel claimed that the action was twofold; that it was to set aside those conveyances as fraudulent and void, and to recover upon the collateral or accompanying contract entered into by Mrs. Cohn. The court stated that, if the plaintiff's counsel claimed there were two causes of action stated in the complaint, he must elect which cause he would pursue or stand upon. Plaintiff's counsel objected and excepted to such ruling, and elected to proceed upon the contract, and furthermore stated, in the event of the jury finding a verdict in behalf of the plaintiff upon the contract, that then he should ask the court to make a decree charging the real estate and its proceeds in the hands of the executor or in the hands of the legatee, the defendant Mark Cohn, with the payment of the judgment.

The only evidence of the indebtedness of Jacob Cohn to the plaintiff offered upon the trial was the judgment roll in the case of the plaintiff, John Zeiser, against Jacob Cohn, to the reception of which the defendant Mark Cohn objected and excepted. Evidence was given by the plaintiff to the effect that the name of the plaintiff, John Zeiser, as one of the creditors of Jacob Cohn whom Theresa Cohn agreed to pay, was in the written agreement executed between Jacob Cohn and Theresa Cohn at the time of the making of the conveyance of the real and personal property by Jacob to Theresa Cohn. This evidence was received, over the defendant's objection and exception.

At the close of the plaintiff's evidence the defendant moved for a dismissal of the complaint as against the defendants Jacob Cohn and Mark Cohn individually, upon the ground that the plaintiff had elected to proceed upon the contract against Mark Cohn as executor of Theresa Cohn, deceased, and for a nonsuit upon the cause of action against Mark Cohn as executor, upon the ground that the evidence affirmatively

shows that within a few days after the transfer in question the plaintiff had knowledge of the existence of the contract between Theresa Cohn and Jacob Cohn, assuming to pay the indebtedness in question, and that after such notice he elected to pursue his remedy against the defendant Jacob Cohn and to recover judgment in the action, and therefore cannot recover against Theresa Cohn or her representatives, and also upon the ground that the cause of action upon which the plaintiff now seeks to recover is not alleged in the complaint. The court granted the motion to dismiss the complaint as to the defendant Jacob Cohn, but denied the motions for a dismissal of the complaint and for a nonsuit as to the defendant Mark Cohn, individually and as executor.

At the close of all the evidence the defendant Mark Cohn renewed his motion for a nonsuit. The court reserved its decision of the said motion for a nonsuit, under the provisions of section 887 of the Code of Civil Procedure, and submitted to the jury the following question: "Did the agreement signed by Theresa Cohn, at the time of the receiving of the bill of sale and deed from Jacob Cohn, as originally made, contain the name of John Zeiser in the list of Jacob Cohn's creditors to be paid by her?" To that question the jury answered "Yes."

The complaint sets forth a creditors' action to set aside conveyances made in fraud of creditors. The different steps in the transaction are described as fraudulent. The facts set forth, which it is now claimed are sufficient to constitute a cause of action upon contract, are simply steps in or parts of the alleged fraudulent scheme by which the creditors of Jacob Cohn were to be hindered, delayed, and defrauded, and are not asserted in the complaint as a distinct and separate cause of action. And "it should not be held that a complaint unites two or more causes of action without separately stating and numbering the same, when it is necessary to go into an elaborate argument for the purpose of showing that it is possible to prove more than one cause of action under the complaint as stated." People v. Buell, 85 App. Div. 141, 83 N. Y. Supp. 143. Here the complaint definitely and certainly sets up a cause of action in the nature of a creditors' bill to set aside conveyances. The plaintiff characterized the action as such, and the relief demanded is appropriate to such an action, and it was therefore unnecessary for the defendant to move to have the complaint made more definite and certain by amendment.

The lis pendens characterizes the action as being in the nature of a creditors' bill to set aside conveyances as in fraud of creditors. The prayer for relief in the complaint is appropriate to a creditors' action, but not to an action upon contract, or one against an executor to enforce a contract of his testator.

While, ordinarily, the demand for relief is not conclusive as to the character of the action, yet, when a complaint sets forth facts that may support equally an action at law or in equity, the character of the action is determined by the relief demanded. O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371. Pleadings are for the purpose of informing the parties and the court of the claim made and the issues to be passed upon. They are not to be so drawn as to mislead. And it will not be assumed that a pleader intends to conceal one cause of action in the

bowels of a complaint for another. Neither will it be assumed that a pleader intends to join inconsistent causes of action. In this case, if the contention of the plaintiff is correct, the complaint sets forth inconsistent causes of action, one founded upon fraud and the other upon contract, each requiring a different form of relief. In the one he charges the transaction as fraudulent, and asks relief because of the fraud; in the other he seeks to enforce as a contract a part of the same fraudulent transactions. Causes of action requiring different forms of judgment and different forms of final process for their enforcement are inconsistent and cannot be united with each other. Perkins v. Slocum, 82 Hun, 366, 31 N. Y. Supp. 474. Causes of action upon tort and upon contract, although they arise out of the same transaction, cannot be united. Raynor v. Brennan, 40 Hun, 60; McClure v. Wilson, 13 App. Div. 274, 43 N. Y. Supp. 209; Keep v. Kaufman, 56 N. Y. 332.

In the absence, then, of any formal statement in the complaint itself that the plaintiff intended to assert two or more causes of action, and when, if we attempt to separate the matters alleged in the complaint into more than one cause of action, such causes of action will be inconsistent with each other, but where all of such facts are part of a single transaction and together constitute a cause of action, and that cause of action is consistent with the relief demanded, then I think we must hold that the complaint sets forth only a single cause of action, even although some of the details might of themselves, if separately stated as such, constitute a complete cause of action.

In this case the complaint sets forth a cause of action founded on fraud, in the nature of a creditors' bill, and the relief demanded is appropriate to such a cause of action. The plaintiff himself characterized it as such, the defendants were justified in so considering it and the court must so hold it. And the trial court should not have allowed any other issue to be tried than that tendered by the complaint. "The character of the action was determined by the complaint. Its allegations state a cause of action ex delicto, and it was not competent at the trial to convert it into one ex contractu." Neudecker v. Kohlberg, 81 N. Y. 296. "Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." Southwick v. First National Bank, 84 N. Y. 420–429. "However liberal the construction which the Code of Procedure permits to be given to the pleadings, in the interest of substantial justice, the rule that a party who comes into court with one cause of action cannot recover on another and different one is unchanged." Hatch v. Leonard, 165 N. Y. 435–443, 59 N. E. 270; Reed v. McConnell, 133 N. Y. 425–434, 31 N. E. 22. Where the complaint alleges facts showing a cause of action in tort, the plaintiff cannot recover by proving upon the trial a cause of action on contract. Degraw v. Elmore, 50 N. Y. 1. "Where fraud is alleged as the basis of the action, it must be proved. The law will not permit a recovery by proof of a right of action upon contract, or of some other character, and this though facts may be stated or may appear which in proper form

might sustain such an action." Truesdell v. Bourke, 145 N. Y. 612, 40 N. E. 83. A statement of the rule, and a summary of the decisions sustaining it, are given in the dissenting opinion of Martin, J., in the case of Cassidy v. Uhlmann, 170 N. Y. 537, 63 N. E. 554. While this statement is from a dissenting opinion, I think it contains a correct statement of the rule to be drawn from the different cases in the Court of Appeals; that is to say:

"Where a case is based on fraud, the fraud must be proved, and no relief can be given on any different ground. De Graw v. Elmore, 50 N. Y. 1; Ross v. Mather, 51 N. Y. 108, 10 Am. Rep. 562; Burnham v. Walkup, 54 N. Y. 656; Dudley v. Scranton, 57 N. Y. 424; Barnes v. Quigley, 59 N. Y. 265; McMichael v. Kilmer, 76 N. Y. 36; Salisbury v. Howe, 87 N. Y. 128; Truesdell v. Bourke, 145 N. Y. 612, 40 N. E. 83. In the Ross Case it was held that, in an action where fraud is the basis of the complaint, a recovery cannot be had for a breach of contract. The Burnham Case was decided upon the authority of the Ross Case, and involved the same question. The Dudley Case holds that a cause of action based upon fraud in the execution of a contract is distinct from that founded on a mistake merely, and it is not competent upon the trial to make a substitution of one for the other. In Barnes v. Quigley it was decided that, where the gravamen of an action is fraud, the court cannot change its form and allow a recovery as in contract, although facts may be stated in the complaint by way of inducement which might sustain such an action. In the McMichael Case it was held that, where a complaint is for fraud, the action cannot be maintained on the ground of mutual mistake. Salisbury v. Howe was to the effect that when the gravamen of an action as set forth in the complaint is fraud, and the action is tried upon that theory without objection or exception, and the judgment is adverse to the plaintiff, the question whether the complaint stated facts sufficient to constitute a cause of action on contract, and whether there was evidence sufficient on the trial to sustain such cause of action, cannot be considered on appeal to this court. In the Truesdell Case this court again asserted that, where fraud is alleged as the basis of an action, it must be proved, and that a recovery may not be had on proof of a right of action on contract or of some other character, although facts are proved which, in a proper form of action, would justify a recovery."

In an action to recover back the purchase money paid upon a contract for the sale of certain stock by defendant to the plaintiff on the ground of fraud and a subsequent rescission of the contract, the agreement was for the sale of 50 shares for $5,000. The defendant delivered 25 shares. No fraud was proved on the trial, and defendant moved for a nonsuit. The court held that the action could not be sustained as one of fraud, but that, as it appeared that the defendant had only delivered 25 shares, while the agreement was for 50, plaintiff could recover damages for breach of the contract. Upon appeal to the Court of Appeals, this ruling was held error; "that the action, if one ex delicto, could not be changed to one ex contractu." Matthews v. Cady, 61 N. Y. 651.

At the close of the plaintiff's case, and after the defendant's motion for a nonsuit, and while it was being argued, the plaintiff's counsel moved "to conform the pleadings to the proof on the part of the plaintiff." To this the defendants objected, and the court took the motion under consideration. The evidence to which it was asked the pleadings be made to conform, having been received over the defendant's objection and exception, and the defendant also objecting to the proposed amendment, and inasmuch as it would change the cause of ac-

tion from one to set aside conveyances as fraudulent as against creditors to a cause of action upon contract, or one to enforce a vendor's lien, it must be denied. Amendments to pleadings upon trial that set up a new cause of action, or substitute one cause of action for another, cannot be made when the evidence to which the amended pleading is to conform has been received against the objection of the other party, and such party also objects to the amendment. Rutty v. Consolidated Fruit Jar Co., 52 Hun, 492, 6 N. Y. Supp. 23; Shaw v. Bryant, 65 Hun, 57, 19 N. Y. Supp. 618; Smith v. Smith, 4 App. Div. 227, 38 N. Y. Supp. 551; Freeman v. Grant, 132 N. Y. 22, 30 N. E. 247.

A number of other questions have been strongly argued before me, but, in view of the above conclusions, it is unnecessary to consider them.

For the above reasons, and because the evidence upon the trial was insufficient to sustain a cause of action to set aside the conveyances set forth in the complaint as being made in fraud of creditors, and because the cause or causes of action upon which the plaintiff at the close of the evidence claimed to be entitled to recover were not set forth in the complaint, the motion for a nonsuit must be, and hereby is, granted.

Motion granted.