## SCOTT v. INTERNATIONAL PAPER CO.

(Supreme Court, Appellate Division, Third Department. March 11, 1908.)

MASTER AND SERVANT—NEGLIGENCE—PLEADING AND PROOF—VARIANCE.

The complaint, in an action for injury to an employé in a paper mill by getting caught in the rollers of a calender, alleging that proper guards were not placed in front of said rollers, and that, by reason thereof, the calender was not a safe machine, and the place provided for him to work was not safe or proper, does not extend the issue of negligence to dangers not referred to by alleging that plaintiff did not assume the risk of said employment, and was not warned of and did not appreciate or understand the dangers of the work, and will not therefore support a judgment based on the existence of currents of electricity or drafts of air which drew matters into the rollers, and on the failure to warn plaintiff thereof, when there was no negligence in failing to guard the rollers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 865–868.]

Smith, P. J., dissenting.

Appeal from Trial Term, Jefferson County.

Action by William J. Scott against the International Paper Company. From an adverse judgment and order, defendant appeals. Reversed, and new trial granted.

See 107 N. Y. Supp. 1144.

Appeal by the defendant, the International Paper Company, from a judgment of the Supreme Court in favor of the plaintiff entered in the office of the clerk of the county of Jefferson on April 15, 1907, and from an order denying the defendant's motion for a new trial made upon the minutes. The action was brought against an employer to recover damages for personal injuries alleged to have been sustained by an employé while working in a paper mill. The complaint stated the following facts as the foundation of the plaintiff's claim against the defendant: That at the time of the accident one Bert Flanders had charge and superintendence of all the workmen, and the performance of the work upon the paper machines in the mill; that he ordered and directed the plaintiff to go between the driers and a stack of calenders, which consisted of eight steel rollers revolving nearly in contact, and pick up and remove all waste paper, and to keep the space between the machines free and clear; that, in obedience to the direction of Flanders, the plaintiff on the 26th day of June, 1906, went between these machines for the purpose of removing a quantity of waste paper, and, while removing the same, it caught "in some way, I don't know how," between two rollers of the calender, and the plaintiff's right hand was drawn in and injured; "that the said calendars or stack were not covered, and no proper guard was placed thereon for the protection of this plaintiff or the other employés in said mill * * *; that said injuries were caused without any fault or negligence on the part of the plaintiff, but were wholly due to the carelessness and negligence of the defendant, its officers and agents, in failing to furnish plaintiff with a safe and proper place to work, and safe and suitable tools and appliances with which to perform his work, and by carelessly and negligently failing to guard the said part of said machine known as the calender or stack, and by ordering and directing the plaintiff to go between said driers and said calenders for the purpose of removing the waste paper and material which might become lodged there, and to keep the space between the driers and calenders free and clear from all waste paper and material which might lodge therein, without having said calenders or stack properly guarded and protected * * *; that by reason of the facts above and hereinafter stated the defendant violated chapter 600, p. 1748, Laws 1902, commonly known as the 'Employer's Liability Act'; that the defendant did not furnish plaintiff with a suitable, proper, and reasonably safe place for him to work, and did not furnish him with proper and reasonably safe machinery, implements, tools, appliances, and apparatus for the performance of his duties and work as such employé of the defendant, and that the ways, works, means, and machinery furnished by defendant for use in the performance of plaintiff's duties were not suitable or safe, but were unsafe for the use herein alleged." It then alleged as follows: "Plaintiff further shows that he did not assume the risk of said employment, was not warned of, and did not appreciate or understand, the dangers attendant upon the performance of the aforesaid work, but relied wholly upon the judgment of the said Bert Flanders in the performance thereof." The complaint concluded by averring the service of a notice of the time, place, and cause of the injury, as provided by the employer's liability act. The answer admitted the incorporation of the defendant, that it operated the mill, the employment of the plaintiff, that he was injured, and denied the other allegations of the complaint. The answer also set up the negligence of the plaintiff, and that he assumed the dangers and risks of his employment. The court charged the jury that the machinery in the defendant's mill, the stack of calenders, and all appliances furnished the plaintiff for his employment were in perfect order, and that no negligence on the part of the defendant could be imputed for failure to guard the calenders or stack.

On the trial the plaintiff was permitted to prove that in the operation of the calender electrical currents were generated by the action of the rollers on the paper of sufficient force to attract and draw through the rollers pieces of paper, six or eight inches from them, and that there were drafts or currents

of air which had a tendency to pick up and carry paper through the rollers. This evidence was received under the defendant's objection and exception. The objection was to the effect that the proof was a departure from the cause of action stated in the complaint.

At the close of the evidence, defendant's counsel moved for a nonsuit, on the ground that the plaintiff had failed to show that the omission "to guard. the nip or pinch between the calender rolls, where he was injured, was the proximate cause of his injury." The court denied the motion, and the defendant excepted.

Argued before SMITH, P. J., and KELLOGG, CHESTER,. COCHRANE, and SEWELL, JJ.

Purcell & Purcell, for appellant.

Fred. A. Baldwin, for respondent.

SEWELL, J.    The complaint charges a liability based on the provisions of the employer's liability act.    The real claim of the plaintiff at the commencement of the action, and as formally made in the complaint, was that proper guards were not placed in front of the calender rollers for the protection of the plaintiff, and by reason of that defect the calender was not a safe machine, and the place provided for him. to work was not safe or proper.    There was no hint in the complaint that any danger attended the employment of the plaintiff but those incident to the unguarded rollers.    The whole cause of action rested upon the alleged negligence of the defendant in failing to properly guard. the rollers; and it was an entire change of that cause when this view was ignored by the plaintiff's counsel and the court at the trial.    It is true that the ninth clause of the complaint was amended at the opening of the trial by inserting after the word "employment" the words. "was not warned of," but that did not extend the issue of negligence,. or authorize a recovery upon a failure to warn the plaintiff of the existence of dangers not referred to or suggested by any allegation of the complaint.    The words quoted were apparently added to extend the denial.    Having alleged, as a reason why he did not  assume the risk, that he "did not appreciate or understand the dangers attendant upon· the performance of the aforesaid work," it may be reasonably presumed that the clause was amended to exclude the possibility of an inference that the plaintiff knew or had been informed of the dangers of an unguarded machine.    It is clear that they did not make a new issue or change or affect the substantial ground of action.

It is also to be noted that the clause as amended did not contain facts essential to the plaintiff's cause of action, and that the framer of the· complaint must have supposed that an assumed risk was a form of contributory negligence, the absence of which must be alleged and proved as a part of the plaintiff's case.    However this may be, it is wholly unreasonable to interpret the clause as referring to a danger not mentioned or suggested in the complaint.    No one reading the complaint could reasonably infer that the pleader intended to set forth a cause of action arising from a failure to warn the plaintiff of the existence of currents of electricity or drafts of air.    It may be further said that the plaintiff might, with equal propriety, have contended that the complaint contained a charge of negligence arising from a failure to warn the· plaintiff of the danger of adjusting the rollers or repairing the machin-

ery while in motion, of a hole in the floor, a defect or imperfection in the machine, or some other dangerous condition not referred to in the complaint. As before observed, it was not claimed or suggested that currents of electricity or air were generated, or that the defendant was negligent in failing to give the plaintiff proper instruction concerning them. The whole cause of action was predicated upon the omission to guard the rollers. That was the distinct and specific charge of negligence; and if, as the court held, the stack of calenders and all appliances furnished the plaintiff for his employment were in perfect order, and negligence could not be imputed for a failure to guard the rollers, it is clear that the court erred in permitting the plaintiff to prove and to recover upon a cause of action not alleged in the complaint,

While the Code is liberal in disregarding technical defects and omissions in pleadings and in allowing amendment, it does not permit a cause of action to be changed, either because the plaintiff fails to prove the facts necessary to sustain it or because he has mistaken the force and effect of the allegations of the complaint. Degraw v. Elmore, 50 N. Y. 1; Ross v. Mather, 51 N. Y. 108, 10 Am. Rep. 562; Neudecker v. Kohlberg, 81 N. Y. 296; Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698. "The principle still remains that the judgment to be rendered by any court must be secundum allegata et probata; and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them on the trial to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." Wright v. Delafield, 25 N. Y. 266; Southwick v. First National Bank of Memphis, 84 N. Y. 420; Truesdell v. Bourke, 145 N. Y. 612, 40 N. E. 83. "If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." Brightson v. Claflin Co., 180 N. Y. 81, 72 N. E. 920.

For these reasons, I am of opinion that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except SMITH, P. J., dissenting.