pleaded, as a whole. These allegations are relevant to the defense of justification. They relate to the proceeding between the parties to the action in the state of New Jersey; the plaintiff, as an attorney at law, representing one of the parties. The plaintiff alleges by way of innuendo that the "libel charged that the plaintiff had taken money illegally, and had made extortionate charges for his services, and that the said court had so decided." To justify that charge, the defendant was entitled to set out the proceedings in which the plaintiff had appeared as an attorney, and had made the charges which it was alleged were extortionate. These allegations are a part of the facts alleged as such a defense, and I think that they should be allowed to remain in the answer, so that the defendant can state its defense as a whole upon the trial, and have it there determined whether it is sufficient as a justification.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. I dissent for the reasons given by Mr. Justice BISCHOFF in his opinion at Special Term.

---

(91 App. Div. 44.)

PEOPLE ex rel. MANHATTAN LIFE INS. CO. v. WELLS et al.

Tax Com'rs.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. CORPORATIONS—TAXATION—ASSESSMENT—STATUTES—CONSTRUCTION.

Where an assessment of property of a domestic corporation is duly entered in the annual record of the assessed valuations of real and personal estate, as required by Greater New York Charter, § 892 (Laws 1901, pp. 379, 380, c. 466), its validity is not affected by failure to enter it in the annual record of the assessed valuations of real and personal estate of corporations, provided for in section 893.

Appeal from Special Term.

Certiorari by the people, on the relation of the Manhattan Life Insurance Company, against James L. Wells and others, commissioners of taxes and assessments. From an order quashing the writ (82 N. Y. Supp. 875), plaintiff appeals. Affirmed.

The relator, in January, 1902, was a domestic corporation, and the owner of real property in the borough of Manhattan, which was assessed by the defendants. The petition avers that such assessment was illegal and void because entered in a book required to be kept in the main office of the department of taxes in the borough of Manhattan, called "The Annual Record of the Assessed Valuations of Real and Personal Estate of the Borough of Manhattan" for the year 1902, when the same should have been, but was not, entered in the "Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations" for the year 1902, as required to be kept in said main office by section 893 of the Greater New York Charter (Laws 1901, p. 380, c. 466), which entry has not been changed and is now the final determination of said board. The petition further shows that, although the said "Annual Record of the Assessed Valuation of Real and Personal Estate of the Borough of Manhattan" was open for inspection and correction as required by law, which fact was duly advertised, the said commissioners did not advertise that the "Annual Record of the Assessed Valuation of Real and Personal

Estate of Corporations" was open for examination and inspection; that the board thereafter caused to be prepared from said books of annual record of the assessed valuation of real and personal estate of the borough of Manhattan the assessment roll for said borough, in which roll is included the entry of assessment of the petitioner's real property, and annexed to the roll their certificate that the same was correct, and delivered the roll so certified to the board of aldermen on the day and at the place required by law, but did not deliver to them the "Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations," containing an assessment against petitioner's property; that the board of aldermen confirmed the roll delivered to them, and the tax imposed upon petitioner's property will become an apparent lien thereupon. It is asked that the assessment be set aside and vacated as illegal and void. The defendant's motion to quash the writ issued upon the relator's petition upon the ground that the facts set forth do not show illegality of the assessments made was granted, and from the order so entered the relator appeals.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Benjamin F. Tracy, for relator.

David Rumsey, for respondents.

O'BRIEN, J. It is conceded that the assessment was not entered in the annual record of the assessed valuation of real and personal estate of corporations for the year 1902, and the question therefore presented upon this appeal is whether that omission is fatal to a legal assessment, it appearing that the assessment was entered in the "Annual Record of the Assessed Valuation of Real and Personal Estate in the Borough of Manhattan," which included assessments on both individuals and corporations. The question of whether the corporation record of that year was open for inspection or was advertised would be of no importance, because, if the assessment was not entered in the proper record, no amount of inspection or advertising of such record could, as against this corporation, have created a valid tax. The charter, in sections 892 and 893 (Laws 1901, pp. 379, 380, c. 466), provides for two "records," one general and the other for corporations. The "Annual Record of the Assessed Valuation of Real and Personal Estate in the Borough of Manhattan," referred to in the petition, is directed by section 892 of the Greater New York Charter to be kept in the office of the department of taxes and assessments in said borough; and that section provides that therein shall be entered in detail the assessed valuations of such property within the limits of the borough of the city as established by the act, to be open for inspection, examination, and correction between certain dates, and then closed to enable the board of taxes and assessments to prepare assessment rolls for delivery to the board of aldermen the time that the records are open for inspection to be duly advertised. This section, it will be observed, furnishes a complete system for the entry of assessments on all property, real and personal, within the borough, to whomsoever belonging, the inspection and correction of such assessments, the presentation to and confirmation by the board of aldermen of such assessments, and the final fixing of a tax. The next section (893) provides as follows:

"The department of taxes and assessments shall cause to be prepared and kept in the main office of the department of taxes and assessments, books to

be called 'The Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations' and it shall be the duty of the deputy tax commissioners in the several districts in the several boroughs which may be assigned to them for the purpose by the board of taxes and assessments, to furnish to the department of taxes and assessments under oath at their main office at the time that such statement is filed in any office of the department of taxes and assessments in any borough other than in the main office in the borough of Manhattan, a duplicate detailed statement of the assessable property of corporations both real and personal which said statements of said deputy tax commissioners shall be entered upon the books to be kept in the main office of the department of taxes and assessments, to be known as the 'Annual Record of the Assessed Valuation of Real and Personal Estate of Corporations.' "

Section 895 (page 381) provides that "during the time that books shall be open to public inspection as aforesaid application may be made by any person or corporation claiming to be aggrieved by the assessed valuation of real or personal estate, to have the same corrected"; and in section 898 (page 382) it is provided, among other things, that "the board of taxes and assessments shall hear at their main office all applications of corporations for revision and cancellation of assessments." ·

The relator's claim is that, in order to fix a valid tax against a corporation for real or personal estate, the assessment must be entered in the "Annual Record of the Assessed Valuation of Real and Personal Estate of Corporations," provided for in section 893. That section, however, may be entirely eliminated from the provisions of the charter without in any way impairing or destroying the scheme provided for the assessment of a real and personal tax against corporations. Although that section directs the entry in the annual record therein referred to of a detailed statement of the assessable property of corporations, both real and personal, this requirement is additional to, and forms no part of, the scheme for the levying of a tax. It is not this annual record which the charter provides shall be open for inspection and such fact advertised; nor is it from such annual record that the assessment rolls are directed to be prepared for delivery to the board of aldermen. The entire machinery for the imposition of a legal tax is independent of the requirements of section 893, and that section states that the annual record therein mentioned is to be made up from "duplicate" statements of assessable property of corporations. In other words, that annual record plays no essential part in the making and imposition of a valid assessment on either real or personal property of corporations. It follows that the neglect of a deputy to return the necessary information or data with respect to any particular property of the corporation, and the failure to make entry in the "Annual Record of Assessed Real and Personal Property of Corporations," would not render void a tax imposed thereon if the steps essential to the imposition of a valid tax as directed in section 892 of the charter were taken. The authorities relied upon by the appellant, therefore, with respect to compliance with statutes prescribing the manner of imposing a tax, are not applicable.

The object and purpose of section 893 are apparent. Although it does not form any part of the machinery necessary for the imposition of a valid tax against a corporation, it facilitates corporations and the commissioners in ascertaining what, if any, tax is imposed upon cor-

porations. Thus the different borough assessments upon corporations are directed to be forwarded in duplicate to the main office of the department of taxes in Manhattan, there to be entered in the annual record of corporations. That record will consequently show at once what corporations are taxed, and what they are assessed in the various boroughs. Should it appear, for instance, that a corporation is excessively taxed in one borough, and with respect to its entire tax there should be a modification, it is enabled immediately to call attention to the error. Moreover, a corporation is thus enabled readily to ascertain what its assessment is to be, without examining the regular annual record, including all real and personal property assessed.

The annual record thus provided for in section 893 is an assistance to corporations, and was never intended to provide a technical ground for objecting to the payment of a regularly imposed tax. Here it is not disputed that the relator is liable for the tax if regularly imposed, and it does not appear that any objection was ever raised when the opportunity was given for correcting the assessment. The relator, therefore, instead of regarding the provisions of section 893 as a help in ascertaining and paying the tax due, has seized upon the alleged· failure to enter in the record of corporations the assessment already entered in the regular annual record as a ground for setting aside the tax which has been imposed. The failure to enter in the annual record of corporations the assessment which it is conceded was regularly entered in the annual record of assessments of real and personal property which formed the basis of the assessment roll presented to and confirmed by the board of aldermen, cannot, however, afford a basis for setting aside and declaring void the tax imposed as directed by the charter.

It follows that the order of Special Term quashing the writ of certiorari was right, and should be affirmed, with costs. All concur.