# New York Supplement

## VOLUME 94,

### AND

# New York State Reporter,

## VOLUME 128.

---

### BUELLESBACH v. SULKA et al.

#### (Supreme Court, Appellate Term. May 23, 1905.)

PLEADING—PROOF—VARIANCE.
    Where plaintiff sued on a contract alleged to have been made with defendants. as partners, but his own evidence affirmatively established that the contract was made with a corporation, he could not recover.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Joseph Buellesbach against Amos Sulka and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Frost & Johnson (Norman G. Johnson, of counsel), for appellants.
R. A. McDuffie, for respondent.

DOWLING, J. Plaintiff sues to recover the sum of $75, alleged to be due for the breach of a contract in writing made by him with defendants on or about December 13, 1904, for the erection of a fire escape, for the sum of $145, on certain premises in the city of New York, and alleges that the defendants were copartners located and doing business in said city under the firm name and style of "A. Sulka & Company." He further claims that, after making said contract to erect said fire escape, and entering upon the prosecution of the work and incurring expense, defendants refused

94 N.Y.S.—1

to allow him to complete the same. Plaintiff had judgment in the court below for $57.50.

Upon the trial it appeared that while defendants were still using some old stationery marked "A. Sulka & Company," with the names "A. Sulka" and "Leon Wormser" printed thereupon, the two individuals named did not constitute a copartnership, but that "A. Sulka & Company" was in fact a domestic corporation, organized in the year preceding that in which the contract was alleged to have been made; and the witness Sulka, called on plaintiff's behalf, testified that he signed the letter, claimed by plaintiff to constitute an acceptance of plaintiff's offer to do the work in question, as president of the corporation. The court below admitted this letter, against defendants' objection, saying that the letter should be received in evidence, and then the defendants should disprove the partnership if they wanted to. Plaintiff had alleged a partnership of defendants, and the burden of proof was on him to establish it. He not only failed to do this, but affirmatively established the existence of a corporation instead as the other contracting party. Defendant Wormser has been in no way connected with the transaction, nor had any knowledge been brought home to him of the acts complained of. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.