JOHN J. McCORMACK, Respondent, *v.* RICHARD R. MANDELBAUM, Appellant.

*Incompetent testimony — the proffer and acceptance thereof constitutes a waiver of the objection that evidence, offered in contradiction of it, is incompetent.*

Upon the trial of an action one Maryon, in whose shoes the plaintiff stood, was permitted, without objection, to testify on his direct examination that he had a conversation with the defendant who agreed to pay him ten per cent for certain collections " the same he would an attorney." The defendant testified on

direct examination that he had a conversation with Maryon regarding the employment of attorneys to collect accounts and was then asked, "Did you or did he agree to pay one-half of whatever the attorney charges were that you incurred?" The question was objected to as incompetent because the agreement was reduced to writing and such objection was sustained unless the defendant could show a change in the written agreement. The testimony given by Maryon and by the defendant referred to the same matter.

*Held,* that the court, having taken Maryon's testimony, should have permitted the defendant to give testimony of the same kind which tended to contradict Maryon's testimony, and that the refusal to do so constituted an error requiring the reversal of a judgment in favor of the plaintiff.

APPEAL by the defendant, Richard R. Mandelbaum, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of February, 1904, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of February, 1904, denying the defendant's motion for a new trial made upon the minutes.

*Leon Kronfeld,* for the appellant.

*Henry White,* for the respondent.

JENKS, J.:

The plaintiff simply stands in the shoes of Maryon, who testified on his direct examination that he had a conversation with the defendant, who therein agreed to pay him ten per cent for certain collections, "the same as he would an attorney." This testimony was taken without objection, save that the witness was permitted to refer to a memorandum. The defendant testified on direct examination that he had a conversation with Maryon regarding the employment of attorneys to collect accounts of sales made by him. He was then asked : "Did you or did he agree to pay one-half of whatever the attorney charges were that you incurred?" The question was objected to as incompetent as the agreement was reduced to writing, and the objection was sustained, unless the defendant showed a change in that agreement, under exception. The record, though but a bill of exceptions, seems to indicate that the testimony of Maryon and the question put to the defendant refer to the same matter. When the plaintiff testified that the defendant agreed to pay him the same as an attorney, testimony by the defendant that the plaintiff was to pay one-half of the attorney's

fees presents a contradiction. The question is whether in view of the oral evidence of the plaintiff, which went in without objection, the court erred in shutting out this testimony offered by the defendant. The question is not free from doubt, and it has been much debated, though in other courts than ours, for I do not find, nor are we cited to any authority in this State which is direct or conclusive. I think that the principle is well stated by SHAW, Ch. J., in *Shaw* v. *Stone* (1 Cush. 228, 242). The chief justice says: "This evidence was objected to, on the part of Stone and others, but was admitted by the court, and this is the subject of the first objection. This objection is placed on the ground, that by the vote of November 20th, 1834, and the subsequent acceptance of the report of the committee on the compensation of the agents, a contract in writing was made between the parties, which ought not to be enlarged or altered by parol evidence. To this objection, there are several answers: 1. As the rules of evidence are made for the security and benefit of parties, all exceptions may be waived by mutual consent; and, in each particular case, an objection may be waived by the party, who has a right to except. Now, when this species of evidence was offered by Stone and others, in order to prove what was the agreement and understanding of the parties, even though it might have been open to the exception stated, the defendants waived their exception by offering it, and the other party waived theirs by not excepting to its admission. To what extent did this waiver go? We think to the introduction of parol evidence bearing on the same point, and which tended to prove what was, or was not, the agreement and understanding of the parties at the time of the establishment of the agency, in regard to one important particular. It was not merely a waiver as to the particular question, but to the species of evidence, as bearing upon that point in the issue. It is said that the admission of incompetent or illegal evidence, on one side, not objected to, does not warrant the admission of incompetent evidence on the other side, when objected to. This principle is true, but is not applicable to the present case. When a party waives his exception to a particular species of evidence, alike in character, it ceases to be incompetent, and all evidence of the like kind, if pertinent, is admissible. A contrary decision would seem to violate the

maxim, *audi alteram partem*, which lies at the very foundation of all regulated and intelligent judicial inquiry." In *Mowry* v. *Smith* (9 Allen, 67, 68), BIGELOW, Ch. J., says: "The question then arises, how far the admission of incompetent and irrelevant evidence offered by one party, to which no objection is taken, renders it competent for the opposite party to introduce evidence of a similar character. There certainly must be some limit beyond which parties cannot be permitted to go, in extending issues of fact and bringing into a case matters which have no essential bearing on its real merits. Without indicating a general rule applicable to all cases of this nature, we think it may be safely said that a party should not be allowed to go farther than to prove facts which have a direct tendency to contradict and control the irrelevant or incompetent evidence which his adversary has introduced into the case. To this extent, it may be properly held that the latter has waived the strict rule of law applicable to such evidence and is estopped from objecting to the proof of facts, by the opposite party, which can be properly deemed to be contradictory or in rebuttal of those offered by himself." (See, too, Elliott Ev. § 889 ; Jones Ev. § 876 ; *Wallis* v. *Randall*, 81 N. Y. 164, 168.) THOMPSON, J., pithily says in *Sherwood* v. *Titman* (55 Penn. St. 77, 80): "The defendant opened the door for the testimony, and cannot complain that it was not closed soon enough to suit him." This is not a question of immaterial or irrelevant evidence, but of the admission of secondary rather than the best evidence, and I think that in view of the taking of such testimony from the plaintiff, the court should have permitted the defendant to give testimony of the same kind which went to contradict the statement of the plaintiff.

The judgment should be reversed and a new trial granted.

BARTLETT, RICH and MILLER, JJ., concurred; HOOKER, J., not voting.

Judgment reversed and new trial granted, costs to abide the event.