MATTHEWS SALES CO., Inc., v. HUTCHESON.

(Supreme Court, Appellate Division, First Department. December 3, 1915.)

1. GUARANTY ☞87—EVIDENCE—ADMISSIBILITY—PARTIES.

In an action on a guaranty of the payment of certain promissory notes alleged to be payable to the J. Automobile Co., a partnership, one of which notes was assigned to the J. Automobile Co., a corporation, and by such corporation to plaintiff, it was error to exclude defendant's evidence tending to show that the J. Automobile Co., a corporation, and not

the J. Automobile Co., a partnership, was payee of the notes, and that the guaranty ran to such corporation, against which defendant had a defense; defendant having joined issue on the allegation that the note was given to the partnership.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 101; Dec. Dig. ⊜⇒87.]

2. GUARANTY ⊜⇒86—PLEADING—HYPOTHETICAL ANSWER.

It was unnecessary in such case for defendant to interpose his defense in the action as brought, since his answer would be objectionable as hypothetical.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 100; Dec. Dig. ⊜⇒86.]

3. PLEADING ⊜⇒237—AMENDMENT—THEORY OF ACTION.

Where a plaintiff is allowed to proceed with the action on a theory inconsistent with the allegations of the complaint, defendant has an absolute right to amend by pleading a defense pertinent under the theory of plaintiff.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 603–619; Dec. Dig. ⊜⇒237.]

Appeal from Trial Term, New York County.

Action by the Matthews Sales Company, Incorporated, against Aubrey G. Hutcheson. From a judgment entered upon a directed verdict, defendant appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and SMITH, JJ.

W. Gibbes Whaley, of New York City (J. Hampden Dougherty and J. Hampden Dougherty, Jr., both of New York City, on the brief), for appellant.

Lewis Schuldenfrei, of New York City, for respondent.

LAUGHLIN, J. This action is on a guaranty executed by the defendant and one Smith under their hands and seals on the 12th day of January, 1914, whereby in consideration of $1 and other valuable consideration "and of the surrender of three outstanding promissory notes, of $3,187.85 each," indorsed by them, they severally guaranteed "the payment of the $15,069.32 of promissory notes, with interest, made this day by the Jackson Eastern Distributors, Incorporated, to the order of the Jackson Automobile Company, of Jackson, Mich." The guaranty further recited the amount of each of the notes, two · being for $5,000, and one being for $5,069.32, payable in four, five, and six months from date, respectively, and that it covered any renewal thereof. It was further expressly provided in the guaranty that the sum of $5,000 would be paid on account of the notes or renewals on or before the 7th day of January, 1915, together with interest, and without demand or notice of protest. The breach of the guaranty alleged in the complaint is the failure to pay $5,000 on account of the notes on or before January 7, 1915, it being alleged that only interest amounting to $106.66 was paid. The plaintiff alleged that the Jackson Automobile Company, of Jackson, Mich., to whose order the notes were made payable, and for whom the guaranty was intended, and to whom it was delivered, was a copartnership composed

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of Howard A. Matthews and Frank T. Newton, and that, prior to the commencement of the action, said firm duly assigned their right, title, and interest in and to the promissory notes and in and to the guaranty to the plaintiff for value.

The defendant duly joined issue on the allegations of the complaint with respect to the Jackson Automobile Company, of Jackson, Mich., the payee of the notes to whom the guaranty ran, being a copartnership. Evidence was adduced upon the trial showing that there was a copartnership and a corporation having the name specified in the notes and in the guaranty, and tending to show that the notes and guaranty were given to the copartnership. The first note, however, being the one involved in this action, showed an indorsement by the firm and then by the corporation. On this appearing, counsel for the defendant asked leave to withdraw a juror and to apply to Special Term to amend his answer to set up a defense which he said his client had as against the corporation and which he outlined. This request was denied. The defendant offered evidence tending to show that the guarantors had had no business relations with the copartnership firm, and had never heard of it until the trial of the action, but that they had had business relations with the corporation, and that the notes specified in the guaranty were given to the corporation. Most of this evidence was excluded on objections interposed by counsel for plaintiff, and exceptions to such rulings were duly taken by defendant; but the defendant succeeded in getting some evidence before the court tending to show that the guaranty was made to the corporation.

At the close of the evidence, counsel for the plaintiff moved for a direction of a verdict, and counsel for the defendant asked leave to go to the jury on the question as to whether the notes and guaranty were given to the copartnership firm or to the corporation. The request for leave to go to the jury was denied, and a verdict was directed for plaintiff, and an exception was duly taken to each ruling.

[1, 2] I am of opinion that the court erred in excluding the evidence offered by the defendant tending to show that the corporation was the payee of the notes and that the guaranty ran to it. Manifestly the defendant was not called upon to interpose in this action, based on an assignment from the copartnership firm, a defense which he had if the action had been brought by the corporation, or by its assignee. The defendant concededly executed the guaranty, and if it was intended for the copartnership, as alleged in the complaint, he concedes that he has no defense thereto. It was sufficient for him to deny the allegations of the complaint with respect to the firm being the payee of the notes and the party to whom the guaranty ran. If he had pleaded that the guaranty was given to the corporation, and a defense that he had as against the corporation, it would have been wholly irrelevant and in effect a hypothetical pleading, which is unauthorized. Lyon v. Blossom, 4 Duer, 318; Corn v. Levy, 97 App. Div. 48, 89 N. Y. Supp. 658; Stroock Plush Co. v. Talcott, 129 App. Div. 14, 18, 113 N. Y. Supp. 214.

[3] Of course, if the plaintiff had been permitted to proceed with the action on the theory that the guaranty ran to the corporation, that would not be according to the allegations of the complaint, and

the defendant would have had an absolute right to amend by pleading a defense as against the corporation. See Neudecker v. Kohlberg, 81 N. Y. 296; Kirkland v. Kille, 99 N. Y. 390, 2 N. E. 36; Ellis v. Hearn, 132 App. Div. 207, 116 N. Y. Supp. 977; Matter of Brady, 69 N. Y. 215; Walsh v. Cornett, 17 Hun, 27; Buellesback v. Sulka, 94 N. Y. Supp. 1. The respondent does not attempt to sustain the recovery on the theory that the guaranty was to the corporation, but still insists, as it did upon the trial, that it ran to the copartnership firm. Plaintiff was permitted to offer evidence to sustain the allegation of the complaint that the notes and guaranty were given to the copartnership firm, and the effect of the ruling of the trial court was to make that evidence conclusive, without affording the defendant an opportunity, as was his right, to controvert it. See McCormack v. Mandelbaum, 102 App. Div. 302, 92 N. Y. Supp. 425.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. Order filed. All concur.

